as announced by this court in the cases of Odenthal v. State (Tex. Cr. App.) 290 S. W. 743, Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762, and Whitworth v. State, 105 Tex. Cr. R. 641, 290 S. W. 764.

[6] In bill of exception No. 6 complaint is made to the action of the court in permitting the state to prove by the officer Sloan that, when he arrested appellant, the latter stated that he did not have any automobile. The appellant contends that this testimony was inadmissible because he was under arrest at said time. This bill, as presented, shows no error, in that it fails to show affirmatively that said statement was not a part of the res gestæ, and in the absence of such a showing this court must presume that the trial court ruled correctly. Edelen v. State, 103 Tex. Cr. R. 562, 281 S. W. 1078.

[7] In bill No. 7 complaint is made to the action of the court in permitting the state to prove by the officer Ramsey that he and other officers searched the appellant, after taking him to jail and before placing him in a cell, and found upon his person registration papers relative to the Chevrolet automobile; it being appellant's contention that the officers were without lawful authority to search his person while he was under arrest without first obtaining a search warrant therefor. There is no merit in this contention. This court, speaking through Judge Latimore in the case of Jackson v. State, No. 10040, 295 S. W. ——, decided January 12, 1927, yet unreported, held against appellant on this issue and stated that it was not the purpose of the Legislature in passing the Search and Seizure Law, to have such literal effect given to its provisions as—

"would compel the courts to reject evidence of officers who searched prisoners upon arrest, or who upon reliable information that robberies, thefts, and hold-ups had been committed, pursued the fleeing offender and caught him in his flight with the stolen property upon his person or in the car. * * * Nor can we think it was ever intended by the Legislature that an officer arresting a desperate character under a warrant must bring his prisoner to where he can get a search warrant before removing from the person of such prisoner pistols, knives, or other weapons," etc.

Also see Agnello v. U. S., 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, and authorities there cited, and Jones v. State (Tex. Cr. App.) 214 S. W. 322.

In bill No. 8 complaint is made to the action of the court in permitting the witness Sloan to testify concerning the search of the automobile in question; it being urged that the car was illegally seized by reason of the fact that the officer drove it from the hotel to the jail, which of itself was a seizure and search of said car prior to the issuance of the search warrant and search thereunder, and for the further reason that the search warrant was not served on appellant. What we have said in discussing bills 4 and 7 is applicable to the questions raised in this bill.

Finding no reversible error in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

---

**GILES v. CORBETT et al.** (No. 8904).

Court of Civil Appeals of Texas. Galveston. March 11, 1927.

Rehearing Denied April 7, 1927.

1. **Compromise and settlement ⬳11—Check bearing notation, "In full settlement," accompanied by letter, received in exchange for release of liability, constitute single contract for compromise and settlement.**

Check bearing notation, "In full settlement to date," accompanied by letter, received in exchange for release of liability, as part of same transaction and intended to effect compromise and settlement of claims against defendant, are to be construed together, and constitute contract.

2. **Compromise and settlement ⬳23(2)—Letter explaining settlement, accompanying check received in exchange for release of liability, was admissible to prove compromise and settlement.**

In suit defended on ground that claim had been compromised and settled, letter stating that settlement was for all matters between parties, accompanying check received in exchange for release from liability, was admissible.

3. **Evidence ⬳458—Parol evidence held admissible to show situation of parties and circumstances surrounding compromise and settlement of claim sued for.**

In suit defended on ground that claim had been compromised and settled, parol evidence was admissible to show situation of parties and circumstances surrounding settlement.

4. **Compromise and settlement ⬳16(1)— Where release of debts in foreclosure suit did not include costs, but letter and check cashed sent in settlement included costs, suit for costs was barred.**

Where plaintiff, in release of defendant from liability, receipted only for debts involved in foreclosure suit, and did not effect settlement of matters involved in suit for costs, but cashed check bearing notation, "In full settlement to date," sent with letter that defendant understood settlement was for all claims, including costs, letter and check supplemented release and barred right to recover costs.

**5. Compromise and settlement ⬮=11—Contract of compromise and settlement, including release check and letter, should be considered as whole.**

Contract, compromising and settling claim, composed of release and check accompanied by letter, should be construed as whole.

**6. Compromise and settlement ⬮=5(2)—Check received for release of liability must be accepted on terms in. letter accompanying it, and cashing check is acceptance of proposal, though protested.**

Check sent in exchange for release of liability accompanied by letter must be accepted on terms proposed in letter, or rejected, and cashing check is an acceptance of proposal, though protest is made.

**7. Accord and satisfaction ⬮=8(1)—Compromise and settlement ⬮=6(1)—Judgment barring suit for costs was not objectionable, because check sent in settlement was for undisputed debt for taxes, but was only part consideration of settlement.**

Where payment of taxes and settlement of suit for costs was only part of consideration of compromise and settlement of all claims against defendant, judgment, barring suit for costs on ground that it had been settled, was not objectionable, because check sent in payment of undisputed debt for taxes could not form consideration for accord and satisfaction of liquidated demand.

Appeal from Harris County Court; Ray Scruggs, Judge.

Suit by William Giles against W. C. Corbett and others. Judgment for defendants, plaintiff appeals, and defendants filed cross-assignments of error. Affirmed.

A. E. Amerman and Ralph R. Wood, both of Houston, for appellant.

Baker, Botts, Parker & Garwood, of Houston, for W. C. Corbett.

Gill, Jones & Tyler, of Houston, for Fidelity Deposit Co.

WAYMAN, Special Judge. This suit was filed in a county court of Harris county by appellant, Giles, on December 10, 1921, against appellee Corbett, to recover certain items of court costs amounting to $458.75 which Corbett and a surety were obligated to pay by the terms of an injunction bond they had executed in a prior litigation between appellant and appellee Corbett. Two days later appellant, Giles, and appellee Corbett, verbally agreed to compromise and settle a foreclosure suit then pending in a Harris county district court to which they were parties. Under this verbal agreement each was to deed, or cause to be deeded, to the other or his nominee, certain lands or interest in lands, and appellee Corbett was to pay $1,118 to appellant, Giles, to reimburse him for taxes he had paid. There was no dispute as to the amount of the taxes. At the time this verbal agreement was made appellee Corbett did not know that the instant suit against him was pending, as citation had not been served. When it was discovered that the suit at bar was pending, appellee Corbett, through his attorney, prepared and submitted for Giles' signature a release, which contained a provision discharging Corbett from all liability to Giles, which release was broad enough to include the instant suit for costs. Appellant, Giles, declined to execute this release in that form, because the suit at bar was not. mentioned when the verbal agreement to compromise and settle the foreclosure suit was made, and for this reason Mr. Giles' attorney modified the proposed release, the material change being the addition of the words italicized, thereby making it to read:

"I, William Giles, of Houston, Harris county, Tex., acknowledge receipt from W. C. Corbett in the sum of one thousand and one hundred and eighteen dollars ($1,118.00), in reimbursement of taxes paid by me as per receipts attached hereto. This sum of money is paid as part of a final settlement this day had between W. C. Corbett, Mrs. W. C. Corbett, and the Union Land Company and myself, by the terms of which, the said Corbett and wife have conveyed me their right, title, and interest in certain tracts of land near Cypress, in Harris county, Tex., out of the Evan Thomas and James Brewster surveys, and by the term of which I have agreed to convey to them six (6) sections of land in Crockett county, Tex., and by the terms of which I have agreed to convey to Mrs. W. C. Corbett and Union Land Company a certain judgment this day rendered in cause No. 78192 in the district court of Harris county, Tex., said judgment in my favor and against W. C. Corbett. The purpose of these transactions is to effect a complete and final settlement of all matters between W. C. Corbett, Ella M. Corbett, Union Land Company, and myself, *involved in the above suit and judgment*, and I hereby acknowledge full payment and satisfaction of all indebtedness from W. C. Corbett, Ella M. Corbett, and Union Land Company to me *involved therein*, releasing to Mrs. W. C. Corbett the judgment aforesaid and the lands in Crockett county described therein: Provided, however, that this shall not relieve the defendants in said suit and judgment from liability for the payment of the court costs adjudged against them therein."

In the final exchange of papers, Corbett, through his attorneys, accepted this release as modified, and Giles, through his attorney, accepted from Corbett a check for the $1,118 (the amount of the taxes), on which was noted, "In full settlement to date," and a letter from Corbett's attorney to Giles' attorney reading as follows:

"In our settlement of this case Monday, it was my understanding that it adjusted all differences between Mr. Giles, and the Corbetts and the Union Land Company. Mr. Corbett was very explicit in requiring me to have such an understanding, and I prepared a paper supplementing the other papers that you and Mr.

Cosby had prepared, in which paper I made a general statement broad enough to effect a complete settlement. I was unacquainted with the details of the prior litigation and did not know of the existence of the claim for cost growing out of a former lawsuit which has since been discussed between us.

"Mr. Corbett left my office Monday after he had seen and approved the paper that I had prepared and left the city the same day and I have not had an opportunity to discuss the matter with him and to know his version of the claim for cost which is now being asserted. I had no intimation that a suit had been filed against Corbett last week and certainly had I known this I would have stipulated for its dismissal in the settlement we made Monday morning.

"I do not desire to have this large settlement broken up by a trifling incident like this small sum of cost, but since Corbett's instructions to me are very explicit, I have no latitude except to close the settlement with the understanding that Mr. Giles will not press any claim against W. C. Corbett or Mrs. W. C. Corbett or the Union Land Company for these costs and that this is a full settlement of all matters between them. With that understanding I am asking Mr. Cosby to deliver you the deed to the Cypress land and the check which Mr. Corbett left with me on December 12th."

Appellant, Giles, indorsed and cashed the check. In the verbal conversations that took place at and prior to the time these papers were exchanged appellant, Giles, never did assent to the proposal that the instant suit for costs was to be included in the settlement. The learned trial court found that the debt for costs asserted in the instant suit was barred by reason of Giles' indorsing and cashing the check bearing the notation, "In full settlement to date."

[1] The check bearing the notation, "In full settlement to date," accompanied by the letter, having been received by appellant in exchange for the release, all being a part of the same transaction and having for their purpose to effect a compromise and settlement, they are "in the eye of the law one instrument and will be read and construed together as if they were as much one in form as they are in substance." 6 R. C. L. p. 850, par. 240; Barber v. Herring (Tex. Com. App.) 229 S. W. 472; Ferguson v. Dodd (Tex. Civ. App.) 183 S. W. 391. These documents, taken together, constitute the contract.

[2, 3] We overrule appellant's assignments attacking the admissibility of the letter. It was, under the circumstances clearly admissible in evidence. Hunt v. Ogden, 58 Tex. Civ. App. 443, 125 S. W. 386; Williams v. Watson, 207 Ky. 256, 268 S. W. 1067; Barham v. Delight, 94 Ark. 158, 126 S. W. 394, 27 L. R. A. (N. S.) 439. Parol evidence was also admissible, at least to the extent of showing the situation of the parties and the surrounding circumstances. 12 C. J. 366; Barber v. Herring (Tex. Com. App.) 229 S. W. 472. It will be considered only for that purpose.

[4] Appellant asserts that the parties did not include the instant suit in the compromise settlement. This requires us to construe the documents which we have found went to form the agreement. The question is not free of difficulty. The court has concluded that a compromise and settlement was effected that bars the right to recover in the instant suit. While it is true appellant in the release receipted only for the debts involved in the foreclosure suit, and by the terms of the instrument did no more than effect a settlement of the matters involved in that suit, he at the same time accepted and cashed the check bearing a notation that it was "in full settlement to date" in the face of the letter from Corbett's attorney saying that he had "no latitude except to close the settlement with the understanding that Mr. Giles will not press any claim against W. C. Corbett or Mrs. W. C. Corbett or the Union Land Company for these costs and that this is a full settlement of all matters between them."

[5, 6] One of the fundamental rules of construction is that the contract should be considered as a whole. When thus considered, if the contract is susceptible of a reasonable construction whereby all provisions can be given effect, then that is the correct construction. The release does not refer to the instant suit. The check and letter, however, do, in express terms, bar the suit. When the contract is construed as a whole, we think the letter and check add to and supplement the release. They add in plain and explicit terms another provision without contradicting any part of the release. 6 R. C. L. p. 837, § 227. Appellant was bound to accept the check upon the terms proposed in the letter or reject it. When he received and cashed it there was an acceptance of the proposal, even though he protested. 12 C. J. 320.

[7] Appellant also assailed the trial court's judgment because the $1,118 check, being in payment of an undisputed debt for taxes, could not form the consideration for an accord and satisfaction of the liquidated demand asserted in the instant case. As an abstraction, this may be correct, but does not apply under the facts of the case, because the payment of the taxes and the settlement of the instant suit for costs were only a part of the consideration for the compromise and settlement. There was consideration by reason of the exchange of deeds to realty. 1 R. C. L. p. 189, § 21.

It is unnecessary for us to consider appellees' cross-assignments of error.

Affirmed.

Jas. W. WAYMAN sat as Special Associate Justice in place of LANE, J., disqualified.