## PATTEN v. PINKSTON et al.
### No. 4198.

Court of Civil Appeals of Texas. Texarkana.

May 25, 1932.

Rehearing Denied June 2, 1932.

Pollard, Beauchamp, Lawrence & Lux, of Tyler, for appellant.

Bonner, Bonner & Childress, of Wichita Falls, for appellee Warner-Quinlan Co. of Texas.

Brachfield & Wolfe, of Henderson, for appellee First Nat. Bank of Henderson.

Cooper & Reagan, of Henderson, and Bonner, Bonner & Childress, of Wichita, Falls, for appellees E. L. Pinkston and wife and E. F. Crim.

WILLSON, C. J. (after stating the case as above).

It will be noted on looking to the statement above that the undertaking of appellee E. L. Pinkston which appellant sought to specifically enforce was to deliver a lease on the 108 acres of land to the bank, and that the undertaking of the bank was to deliver such lease to appellant when he paid it $16,200 for said E. L. Pinkston. Appellant is not in the attitude of contending here, and, in view of the fact that the lease in question was never in its possession, reasonably could not contend, that the bank incurred any liability to him because of its failure to deliver the instrument to him. His contention here is that the trial court should have rendered (1) judgment in his favor against appellees E. L. Pinkston and his wife, requiring them to deliver the lease to him, on his complying with its terms, and (2) judgment in his favor canceling the lease from the Pinkstons to appellee Warner-Quinlan Company.

It is plain, we think, that appellant was not entitled to any relief as against Mrs.

Pinkston, for it was not pretended in the evidence that she had ever entered into any kind of a contract with him. It is also plain, we think, that appellant was not entitled to the relief he prayed for as against the Warner-Quinlan Company, unless he had a contract enforceable against the Pinkstons leasing the land to him before they leased same to said company. As just stated above, appellant never had a contract of any kind with Mrs. Pinkston, and we have found nothing in the record showing a right in him to have her contract with the Warner-Quinlan Company canceled.

 It follows from what has been said that we think appellant is not entitled to complain of the judgment so far as it was in favor of the appellees other than E. L. Pinkston. And we think he also is not entitled to complain of the judgment in that respect. The lease in question was as much the contract of Mrs. Pinkston as it was the contract of her husband, and, we think it was not error for the court to refuse to require him to deliver her contract to appellant. The parties seem to have treated the transaction between them as one in which, to be effective, it was necessary for Mrs. Pinkston to join, and we have found nothing in the record indicating to the contrary.

Another reason for refusing to disturb the judgment lies in the fact that the trial court had a right to conclude from the evidence before him that appellant failed to comply, and was unable to comply, with his undertaking to pay the $16,200 he undertook to pay the Pinkstons for the lease.

There is no error in the judgment, and it is affirmed.

On Motion of Appellant for a Rehearing.

In the opinion disposing of the appeal, referring to a copy of the lease executed by appellee E. L. Pinkston alone and placed in the appellee bank, it was said that "later, to supply omissions in said instrument, same was withdrawn by said Pinkston from said bank and another instrument in writing was executed by said Pinkston, joined by his wife." It is asserted in the motion that the quotation above from said opinion "is (quoting) a misstatement of the fact and is unsupported by the record in that it was agreed, as shown by the undisputed evidence in the case, that this lease was to stay in the bank until a copy of it signed by both Pinkston and his wife was placed in the bank." According to the allegation in plaintiff's petition, and the undisputed proof in the case, Pinkston secured a delivery of this lease to him without the consent of Patten and without any right on his part to have possession thereof. This error in the statement of fact in the

opinion is seized upon later in the opinion as an excuse for a conclusion of law and is, therefore, a material error on the part of this court and contrary to the undisputed facts in the case, there being no possible grounds for the statement that it was 'withdrawn to supply an error.'" Whether the instrument referred to was withdrawn from the bank by Pinkston to supply omissions therein by means of another instrument we think was unimportant, but we do not agree that the statement in the opinion was not warranted by evidence the court heard.

Appellant testified:

"Q. Please tell us whether or not you regarded yourself bound to pay for and accept that first lease? A. I considered myself bound from the first and I considered Mr. Pinkston bound.

"Q. All right, then, what right did you have to exact or require a new lease the next day on a different form? If you were bound on that one, why did you not go on through with your deal on it and not require a new one? The new one was better for you than the old one, wasn't it? A. Because my lawyer went to the bank and took a look at that after it had been put in there, * * * and he wanted it on a new form."

Appellee E. L. Pinkston testified: "They (meaning appellant and one of his attorneys) objected to the form of the first one * * * and I told them to write it out for me and they wrote it out."

The motion is overruled.