**ELLETT et al. v. McMAHAN.**

No. 6152.

Court of Civil Appeals of Texas. Texarkana.

April 6, 1945.

Rehearing Denied April 26, 1945.

Milton Greer Mell, of Gilmer, for appellants.

Florence, Florence & Meredith, of Gilmer, for appellee.

WILLIAMS, Justice.

I. W. Ellett and the children of his deceased wife, plaintiffs below, appeal from a "take nothing" judgment in favor of appellee, Ira L. McMahan, defendant below, in a trial to the court wherein plaintiffs sought to enforce defendant's alleged contract to purchase on a basis of $100 an acre, a 1/8 royalty interest under a 100-acre tract then owned by Ellett and his deceased wife. In the pleadings plaintiffs offered to do equity in such manner as the court might deem fair and equitable and tendered the deed theretofore executed, or in the alternative to execute another deed by all the plaintiffs. Plaintiffs sought judgment for $1250, the contract purchase price, and for foreclosure of vendor's lien on the 12½ acres royalty involved.

In support of the alleged agreement, the court's findings of fact details the contents of three telegrams and a royalty deed and draft, all dated February 7, 1938. The first telegram from McMahan to Ellett reads: "Wire me at once collect best price you

will take for 1/4 or 1/8 royalty on your 100 acre Merriweather Survey." In reply Ellett wired McMahan: "Will take $100 basis for 1/8. Wire acceptance." And to this, McMahan answered by wire: "Am sending non-participating royalty deed for your execution." And at the same time McMahan prepared a royalty deed and mailed same to Ellett to be executed by Ellett and his wife. To this deed McMahan attached a· draft signed by him for $1250 to be forwarded by Ellett with the deed when executed to the Second National Bank, Houston, Texas. Ellett and wife at the time owned 100 acres in the Merriweather Survey in Upshur County, being the only land then owned by them.

■■■ The agreement or contract evidenced by the foregoing instruments is not in violation of the statute of frauds (Subdi. 4, Article 3995, R.C.S. of Texas, 1925) for want of sufficient description in writing to identify the land.

"* * * In the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction will be read and interpreted together. * * * Where a contract is entered into by correspondence, the whole correspondence must be considered in determining what the parties have agreed to." 12 Am.Jur., Contracts, Sec. 246; 49 Am.Jur., Specific Performance, Sec. 115; Giles v. Corbett, Tex.Civ.App., 293 S.W. 180, 192; Stroburg v. Walsh, Tex.Civ.App., 203 S.W. 391; Barber v. Herring, Tex.Com.App., 229 S. W. 472; Henderson v. Lambert, Tex.Civ. App., 293 S.W. 671.

The royalty deed prepared by McMahan described by metes and bounds the 100-acre tract out of the W. Merriweather Survey then owned by Ellett and his wife. Its execution by Ellett and wife and their act in attaching the completed deed to the draft prepared by McMahan for the $1250 and the forwarding of the draft for payment by Ellett and wife to the National Bank of Commerce, Houston, Texas, was an acceptance by Ellett and wife of the offer by McMahan as evidenced by the deed and draft prepared by the latter.

■■■ The notation in the draft placed thereon by McMahan stipulated: "Clear through the Second National Bank of Houston upon approval of title to royalty deed attached hereto." McMahan received notice on February 18th or 19th from the National Bank of Commerce that it held said draft and deed for collection and delivery. No action being taken by McMahan, the bank at the close of business on February 26th returned the papers to the drawer bank in Gilmer, Texas. The court found that defendant had a reasonable length of time wherein to examine title to said land and did not pay or offer to pay the draft before it was returned, or at any other time. The court further found that defendant did not present any objections to the title before the draft and deed were returned. Ellett and wife at the time held a good and merchantable title to the tract of land, as found by the court, subject to a deed of trust lien then held by the Federal Land Bank to secure a loan upon which there was due and unpaid on February 7, 1938, the sum of $911.08 and at the time of trial, namely, September 5, 1944, the sum of $694.50. We are not in accord with the conclusion of law reached by the trial court that because of the existence of said lien and because the draft did not allow for its payment so as to protect McMahan, that said contract is unenforceable. Above lien or encumbrance was one which could have been discharged by mere payment. The lien then was less than the purchase price, much less now. McMahan, under the court's findings, did not present any objections to the title at the time, and if in fact he subsequently objected to the title on the grounds that the land was encumbered with above lien, this would not in itself arbitrarily vitiate the contract or relieve him of his contractual obligation.

"The general rule is that the vendor may enforce performance where the encumbrance is one which may be immediately removed by application of unpaid purchase money. In such case, if the liens are less than the amount of the purchase price due, their existence does not furnish a reason for not enforcing the contract. In other words, if an encumbrance can be removed merely by the application of the purchase money and the court is able to provide for the conveyance of a clear title to the vendee, the mere fact that encumbrances exist which the vendor has not removed, or even is unable to remove without the application of the purchase money for that purpose, will not prevent a decree for specific performance." 42 American Jurisprudence, p. 129; Blaffer v. Powers, Tex. Civ.App., 169 S.W.2d 536; 58 C.J. p. 1235;

Runnells v. Pruitt, Tex.Civ.App., 204 S.W. 1017.

For the reasons above stated, the judgment will be reversed and it is here remanded with instructions to the trial court to decree title to the 1/8 non-participating royalty in the 100-acre tract as described in above deed and according to its terms out of plaintiffs and into defendant, McMahan; that plaintiffs recover of McMahan judgment for the $1250 sued for with 6% interest from September 5, 1944, and for foreclosure of a vendor's lien on said 1/8 royalty, and for order of sale; and further, that out of the proceeds derived from the sale under such order of sale, the officer executing such writ be directed to: (1) Pay costs of suit and of sale; (2) to apply such balance remaining to the extent of satisfying the debt held by the Federal Land Bank of Houston, Texas, and the deed of trust securing said debt, together with cost incidental to the execution and recordation of a release of lien; and (3) if any balance, to pay same to plaintiffs.

The judgment is reversed and remanded with instructions.

### On Motion for Rehearing.

We reaffirm the conclusions stated in the original opinion that the agreement or contract evidenced by the instruments therein detailed is not in violation of Subdivision 4, Article 3995, R.C.S.Texas, for want of description of the land.

The findings of fact incorporated in the transcript (no statement of the facts having been sent up) are silent with respect to the acts and conduct of both plaintiffs and defendants after the draft and deed had been returned by the drawee bank. The basis for a determination of this controversy is not necessarily confined to the period the draft and deed remained in the drawee bank. Upon further study of the condition of the record, we are now of the opinion that justice will be better served by a remand of the case for application of the rule quoted in the original opinion from 42 Am.Jur. p. 129, to a development of the facts, acts and conduct of the respective litigants within a reasonable time subsequent to the return of the draft and deed.

The judgment heretofore entered reversing and rendering judgment is withdrawn and the judgment is hereby reversed and the cause remanded.