## BURFORD v. POUNDERS.

### No. 6198.

Court of Civil Appeals of Texas. Texarkana.
Jan. 30, 1946.

Rehearing Denied Feb. 14, 1946.

Lasseter, Spruiell, Lowry & Lasater, of Tyler, for appellant.

John Y. Lawhon, of Tyler, for appellee.

WILLIAMS, Justice.

A lease contract, the basis of this litigation, entered into between R. E. Beaird and appellant, S. O. Burford, reads:

"Tyler, Texas, March 5th, 1943.
"This lease contract between R. E. Beaird the Lessor, and S. O. Burford, Lessee.

"R. E. Beaird, Lessor, leasing to S. O. Burford, Lessee, six and one third acres of land, the same being block No. 10 of a subdivision of a 66 3/10 acres of the Wm.

Archer Survey located about two and one-half miles West of the City of Tyler on the Dallas Highway.

"The lease is for two years. Consideration Twenty-five dollars per year payable in advance each year.

"This lease is for the purpose of pasturing and gardening and no other.

"R. E. Beaird, Lessor, agrees to permit the lessee, S. O. Burford, to remove from the premises any improvements, that may be put there by the Lessee when this lease expires.

"S. O. Burford, lessee, agrees to vacate the premises on notice of the sale,—at any time—of the above described acreage, on the return of whatever unearned portion of the rent money by R. E. Beaird or by any one to whom he may sell the same.

"R. E. Beaird, Lessor, agrees to give S. O. Burford, Lessee, the refusal of purchase of the above described land before he sells the same to any one else. Also, that whatever amount of rent money having been paid will apply on purchase price of same. The price agreed upon by this contract shall be One Thousand Dollars for the 6 1/3 acres."

Under a deed dated October 8, 1944, forthwith recorded in Smith County deed records, and while above lease was in effect and without prior notice to Burford, Beaird, the fee owner, sold and conveyed above tract of land to W. R. Pounders for $175 per acre. This was the market value of the land at the time of the sale and the trial. Pounders, the vendee, filed suit March 13, 1945, in trespass to try title against Burford upon the latter's refusal to give possession. Burford answered and in a cross-action against Pounders and Beaird sought judgment against both for specific performance, and in the alternative, for damages against Beaird for alleged breach of contract. In a trial before the court, Pounders was awarded title and possession to the tract; and Burford was denied a recovery. The trial court has filed findings of facts and conclusions of law. It was agreed in the trial that Pounders should be awarded the title and possession unless his right was defeated by the matters set up in his cross-action.

■ Although the lease contract was not filed for record, constructive notice of its contents was visited on Pounders, the vendee, prior to and at the time of his purchase of the tract. Burford, the lessee, at the time was in visible physical possession by reason of having it under fence and a part in cultivation. Under the pleadings supported by above facts and other evidence not necessary to detail, Pounders was not an innocent purchaser for value. Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739; 43 T.J. (Vendor-Purchaser), Sec. 389.

■ It is to be observed that above lease is headed "Tyler, Texas," and refers to the 6 1/3 acres leased as "being block No. 10 of a subdivision of a 66 3/10 acres of the Wm. Archer Survey located about 2½ miles West of the City of Tyler on the Dallas highway." A plat showing Block No. 10 was not of record in the Smith County deed records. Under the extrinsic evidence introduced in evidence it was shown there was only one Wm. Archer Survey in Smith County, and it located on the Dallas Highway approximately 2½ miles West of the City of Tyler, Texas; that there was only one 66.3 acre subdivision of said Archer Survey and that conveyed to Beaird, the lessor, with his deed then of record in Smith County deed records; and that there was only one Block No. 10 of Beaird's subdivision of his 66.3 acre tract, clearly shown by metes and bounds in his plat of same. We are in accord with the court's findings that above extrinsic evidence was sufficient to and did identify the tract so leased as being the land sold to Pounders. The description in the lease was sufficient to authorize the admission of above extrinsic evidence to explain the terms used therein. Under such status, the lease contract was not afoul of the statute of frauds (Art. 3995, Vernon's Ann.T.C.S.), for want of sufficient description of the land. Kruger v. W. K. Ewing, Tex.Civ.App., 139 S.W.2d 836; Sorsby v. Thom, Tex.Civ.App., 122 S. W.2d 275; Easterling v. Simmons, Tex. Civ.App., 293 S.W. 690; Stroburg v. Walsh, Tex.Civ.App., 203 S.W. 391; King v. Lane, Tex.Civ.App., 186 S.W. 392; 14 T.J. Sec. 201, p. 988.

Burford, in support of his prayer for specific performance, and in the alternative, for damages, plead the option clause in the lease contract and alleged:

"That said lease contract contained a provision giving the cross-plaintiff an option to purchase the above described property at any time during the term of the lease for the sum of One Thousand ($1000) Dollars, less whatever sum or sums cross-plaintiff might have previously paid as rent for the property."

"That in violation of the option contained in said lease contract, the said R. E. Beaird purported to sell such property to cross-defendant, W. R. Pounders, on or about October 18, 1944, while said lease contract was in full force and effect and without giving cross-plaintiff an opportunity to exercise his option to purchase the property."

"That on or about February 20, 1945, cross-plaintiff gave written notice to cross-defendant, R. E. Beaird, of his election to exercise said option and purchase the above described land under the option contained in the above mentioned lease"

"That at the time, he had paid the sum of Fifty Dollars as rent under the lease; and on or about February 20, 1945, he tendered the sum of Nine Hundred and Fifty Dollars in cash to the said R. E. Beaird, and requested a conveyance of said property in compliance with the terms of said contract;"

"That the said R. E. Beaird refused to accept said money and that the said R. E. Beaird and W. R. Pounders have refused to make conveyance of said property * * * and still refuse to do so."

"That cross-plaintiff here and now tenders the sum of Nine Hundred and Fifty Dollars in court * * *."

He alleged the reasonable cash market value of the tract to be $1500 and his damages at $550. It is apparent from above pleading that Burford here asserts he had until March 5, 1945, the expiration date of the lease, within which time he could exercise the option to purchase and upon this theory grounded his prayer for specific performance.

The court found that Burford knew from the date of the lease that Beaird had the land for sale; that about the time the lease was executed he had told Beaird that he could not buy unless he sold some property in Houston; that Burford had not sold his Houston property and was not then in position to have bought and paid for the tract involved at the time of its sale to Pounders; that Burford sold his Houston property about February 21, 1945, at which time he sought to exercise the option; and that Burford knew before Christmas, 1944, of the sale to Pounders, but took no action to exercise his option until about February 21st. From above findings, which are not attacked, the court concluded:

"Burford not being in a position to have purchased the land at the time it was sold to Pounders, and it being subject to sale all of the time since it was rented to Burford, the failure to notify Burford to then exercise his option if he wanted to, would have been a futile thing, as under his own testimony he could not then have performed by then buying the land, and there being no provision binding Beaird to hold the sale of the land for him to any particular time, Burford suffered no injury by the sale to Pounders without notice to him at the time, and, therefore, cannot recover either specific performance or damages."

It is clear from the terms of the lease contract that a sale of the land was contemplated at any time within the 2 years period, and that it was so understood and agreed to by the lessor and lessee. Logic and reason lead to the conclusion that the option rights granted to Burford in the contract, matured at the time Beaird elected to sell the property. It was incumbent upon Burford to have exercised the option to purchase at the time he learned of the sale or within a reasonable time thereafter. According to the testimony of Beaird and Pounders, they each notified Burford of the sale around November 1, 1944, and not until around February 20, 1945, did Burford assert any rights under his option. To support a recovery for specific performance under the evidence above mentioned it was incumbent upon Burford to have plead and proven that he was ready, able and willing to perform his part of the contract and made a tender of performance, at the time he learned of the sale or within a reasonable time thereafter. 58 C.J. p. 1065, Sec. 316; 49 Am.Jur. (Specific Performance) Secs. 40, 143, 161; 38 T.J. p. 782, Sec. 93.

Although Beaird was in default in failing to give Burford the refusal to purchase, nevertheless as stated in 58 C.J. (Specific Performance) Sec. 316, "It is not sufficient to show that the opposite party is in default * * * but the moving party is required to show that he has been in no default in not having performed the agreement, and that he has taken all the proper steps toward performance on his part or can show a reasonable and just excuse for non-performance." Suhre v. Busch, 343 Mo. 170, 120 S.W.2d 47, 55; Wimer v. Wagner, 323 Mo. 1156, 20 S.W.2d 650, 79 A.L.R. page 1231, 1238; Witte v. Barry, Tex.Civ.App., 16 S.W.2d 548; Patten v. Pinkston, Tex.Civ.App., 51 S.W.2d 1068.

The judgment will be affirmed.