## MATNEY v. ODOM.
### No. 6314.

Court of Civil Appeals of Texas. Texarkana.
Nov. 20, 1947.
Rehearing Denied Dec. 4, 1947.

James & Tomlin, of Tyler, for appellant.
Lasseter, Spruiell, Lowry, Potter & Lasater, of Tyler, for appellee.

WILLIAMS, Justice.

Appellant J. N. Matney, and appellee Arthur G. Odom, in April, 1939, entered into a written contract in which Odom leased to Matney for a period of ten years a four-acre tract of land coupled with an option to purchase the land as later herein set out. Odom agreed to and did erect upon the tract a residence and other buildings. The contract provided that the improvements were to be made by Odom according to plans and specifications agreed upon between the parties; and that the cost of such improvements should not exceed $3,600 `unless otherwise mutually agreed upon between the parties. Matney agreed to pay Odom an annual rental of $1,020, payable $85 monthly in advance, which began in September or October, 1939, the date the improvements were completed. Matney went into possession on the latter date, remaining continuously in pos-

session since then, and at time of trial had paid all rentals due under the contract.

This litigation involves his claim for specific performance as against Odom of the option rights under paragraph III of above contract which reads: "At the expiration of three (3) years from the date of occupancy and the commencement of the payment of rent, tenant shall have, and has, the right to purchase said four (4) acres of land and improvements thereon, upon payment of the following price: Two Thousand ($2,000.00) dollars for the four acres of land together with the actual cost of the improvements, less a four per cent annual depreciation on the cost of the improvements and the erection of the buildings. This option to buy commences with the fourth year and continues during the remaining term of the lease."

Matney's timely election early in 1946 to purchase the property under above option provision and his demand for a deed conveying to him the property resulted in a dispute between the two as to the amount to be paid under the terms of the contract, changes having been made in the original plans for the improvements. The dispute terminated in this suit filed by Matney on March 21, 1946, which he sought specific performance of the contract on the part of Odom. Matney alleged he was due to pay to Odom and tendered the sum of $2,000 for the land plus the actual cost of the improvements not to exceed $3,600, less the four per cent annual depreciation, but further tendered in his pleadings to pay the defendant such amount as the court may find to be due defendant for the land and the cost of the improvements less the four per cent depreciation. Defendant urged as a bar to recovery and here insists that the option provision in the contract is invalid and unenforceable as to him for the reason that the description of the land as set out in the contract is fatally defective and insufficient as a matter of law, being insufficient to satisfy the requirements of the statute of frauds, Article 3995, R.C.S. of Texas. Defendant further pleaded that in the event the court should find the contract enforceable as a contract of sale, that he be allowed the sum of $2,000 for

the land plus $5,126.44 claimed by him to be the actual cost of the improvements.

The contract which was signed and acknowledged by both parties in Smith County, Texas, where they then resided, describes the land as follows: "Landlord has agreed to lease, and does hereby lease, to tenant, four (4) acres out of the East end of a ten-acre block on the P. Chireno Survey, about 2 miles East from the courthouse of the city of Tyler, Smith County, Texas, located on the North side of the Kilgore Highway, said premises being situated in Smith County, Texas, upon the following terms and conditions." There is no other description of the premises, nor references for description in the written contract other than above set out.

Smith County, Texas, contained only one P. Chireno survey. This survey, situated east of Tyler, Texas, and along the Kilgore highway contains one-third of a league of land. At the time litigants executed this contract Odom owned only one ten-acre tract in the survey. The deed from L. R. Buie and wife which had been recorded in Smith County Deed Records for 25 years and which conveyed the ten acres to Odom by metes and bounds described it as located about two miles east from the court house in Tyler, Texas, with the north boundary line of the Kilgore highway as being the south boundary of the ten-acre tract. Prior to the time these litigants reduced their agreement to writing, namely, the contract, they had gone upon the ten-acre tract and selected the sites for the buildings to be erected upon the east portion. Shortly thereafter to secure funds with which to make the improvements, Odom executed certain mechanics' and materialmen's liens wherein the four-acre tract was described by metes and bounds and as being the east four acres off of that ten-acre tract conveyed to him by L. R. Buie and wife by deed recorded in Vol. 150, page 469, Smith County Deed Records.

About three years after execution of the contract, Odom employed a surveyor to establish and mark upon the ground the west boundary line of the four acres, which line Matney observed in erecting his west

fence. This plat from which definite field notes could have been prepared was delivered to Matney at the time of the survey.

At the time the rights under the option to purchase matured, namely, in August, 1942, Matney was then in possession and had been in possession of the four acres together with the buildings thereon for three years, with its boundaries clearly defined pursuant to the survey and plat theretofore made. This same situation existed continuously up to 1946, when he proceeded to exercise the option. During this period of approximately seven years he had paid monthly rentals of $85 which Odom had received under the terms of the contract.

Odom recognized as late as March 4, 1946, just a short time before the suit was filed, the rights granted to Matney to purchase the property, which is evidenced by a letter from Odom's attorney of above date, wherein it is stated: "You are advised that Mr. Odom is willing to comply with the terms of this contract with reference to giving you an option to purchase this property. * * * We are ready to furnish you proof as to the actual cost of these improvements and upon payment by you * * * Mr. Odom will execute to you a warranty deed to this property." Above facts and circumstances coupled with the subsequent conduct of the contracting parties import the indisputable conclusion that the ten acre tract off of which the four acres was to be carved was at all times clearly identified in the mind of each. Notwithstanding above inescapable conclusion, the failure within the written instrument, the contract, to identify the ten-acre block out of a one-third league survey and the absence therein of a key or reference which would lead to its identification by extrinsic evidence supports the conclusion of the trial court that the description in the written instrument is insufficient to meet the requirements of Art. 3995, supra, such as to render the option clause unenforceable, when urged by Odom. The insufficiency of the description in the written instrument is not supplied by the fact that Odom then owned only one ten-acre block. Neither is such defect met by the subsequent acts of the parties above

enumerated or cured by Matney's possession when he elected to exercise the option. Kellner v. Ramdohr, Tex.Civ.App., 207 S. W. 169; Francis v. Thomas, 129 Tex. 579, 106 S.W.2d 257, 260; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Brown v. Gaines, Tex.Civ.App., 131 S.W.2d 801, w/r; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705; Tian v. Tacquard, Tex.Civ.App., 147 S.W.2d 1114, w/r; Taber v. Pettus Oil & Ref. Co., 139 Tex. 395, 162 S.W.2d 959, 141 A.L.R. 808; 14 T.J., Sec. 204, pp. 992, 993.

In Burford v. Pounders, Tex.Civ.App., 192 S.W.2d 914, cited by appellant in support of the sufficiency of the description, the written contract contained a reference to a particular numbered block out of a particular subdivision of a certain survey. Miller v. Hodges, Tex.Com.App., 260 S.W. 168, 171, by the Commission of Appeals, is distinguishable from the decisions hereinabove cited, for there it is stated, "this case does not fall in that class of cases where indefinite and undefined part of a larger survey is conveyed."

Appellant urged under his pleading and here contends that by reason of Odom's collection of $85 monthly rentals under the terms of the contract for over a period of seven years for a total of $7,000 coupled with Odom's acts and conduct throughout the period in which he recognized the contract until after the suit was filed, that Odom is now estopped from asserting the provisions of Art. 3995 as a defense to the enforcement of the option clause.

The trial court found as facts that Matney had paid no part of the purchase price; that he did not go into possession as a purchaser, but as a tenant under a stipulated monthly rental with privilege of buying after three years; that Matney made some improvements of no substantial value, being made for his own convenience, and no more than was essential to the care and upkeep of the premises as he was obligated to do in his use as a tenant, and not made in reliance on the promises of Odom to sell or upon any intent by Matney at the time to exercise the option to purchase. The court found that Matney did make some substantial improvements after Odom refused to sell. The court con-

cluded "there are no facts which would make it a fraud on the plaintiff if specific performance is denied."

"From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration (absent here). 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced (absent here) * * *. Each of these three elements is indispensable, and they must all exist." Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216; Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, and collation of authorities on page 627, 118 A.L.R. 1505. Above rule of construction as reannounced in these authorities sustains the conclusion of the trial court that under the instant record Odom was not estopped to assert as a defense the provisions of Article 3995, supra. This strict rule of construction may enable Odom to escape this obligation freely entered into by him, but as stated in Robertson v. Melton, supra, 115 S.W.2d p. 628, "The statute cannot be disregarded for the prevention of mere wrongs or to remedy possible losses."

"The tenancy rights under the contract, not being raised by any pleading, were excepted from and not determined in the judgment.

The judgment of the trial court is affirmed.

HALL, Chief Justice (dissenting).

I am unable to agree with the majority opinion in this case and for that reason enter my dissent.

Conceding that the description of the land here involved set out in the contract between the parties is insufficient of itself as being in violation of the statutes of fraud, still I think that the description in the contract aided by the plat delivered to appellant Matney showing the location of the land on the ground is sufficient to make said description a legal one. In the fair and admirable statement of the case in the majority opinion it is stated that "about three years after execution of the contract, Odom employed a surveyor to establish and mark upon the ground the west boundary line of the four acres, which line Matney observed in erecting his west fence. This plat from which definite field notes could have been prepared was delivered to Matney at the time of the survey." The plat made at the instance of appellee Odom and delivered to Matney shows that the land in question lies adjacent to and immediately west of a tract of land owned by McCurthin.

Considering the plat together with the contract of sale, which is permissible under the holding of Spaulding v. Smith, Tex. Civ.App., 169 S.W. 627 (writ refused), and Ellett v. McMahan, Tex.Civ.App., 187 S.W.2d 253, the description of the property satisfies the law. In other words, considering the two instruments together a four-acre tract of land off the east end of a ten-acre tract, a part of the Chireno survey about two miles east of the city of Tyler, on the north side of the Kilgore highway and lying immediately east of lands owned by McCurthin is to be conveyed by appellee to appellant. It is my opinion that the plat furnishes a key to the description and a surveyor could take the two instruments and go upon the ground and locate the land here in controversy. This being true, the description contained in the contract of sale supplemented by the surveyor's plat would not be in violation of the statute of frauds.

It is my opinion that the judgment of the trial court should be reversed and the cause here rendered for appellant.