## McMURTRY v. HODGES. (No. 11292.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 14, 1925. Rehearing Denied Dec. 12, 1925.)

**Frauds, statute of ☞110(1)—Written contract held not sufficiently to identify lands.**

Written contract for exchange of named number of acres located in named county south of named town, and being same land inspected by defendant, for other lands inspected by plaintiff *held* not sufficient to meet requirements of Rev. St. 1911, art. 3965; use of term "inspecting" not constituting reference to external circumstances which could be shown by parol testimony.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by R. L. McMurtry against W. L. Hodges. Judgment for defendant, and plaintiff appeals. Affirmed.

Taylor & Taylor, J. L. Lackey, and H. M. Muse, all of Wichita Falls, and Lumpkin & Trulove, of Amarillo, for appellant.

Fitzgerald & Hatchitt and Kay, Akin & Smedley, all of Wichita Falls, for appellee.

CONNER, C. J. Appellant sued for a specific performance of a written contract for an exchange of lands. The trial court denied the

petition on the ground that it was in violation of the statute of frauds, in that the description of the lands in controversy is insufficient, and this all parties concede is the sole question presented to us for determination on this appeal.

The lands are described in the contract as follows:

"R. L. McMurtry agrees to sell, trade, and transfer 3,520 acres of land located in Deaf Smith county, being south of Adrian and being the same land that was inspected by W. L. Hodges on June 27, 1924, to be clear of all incumbrance, for and in consideration of $105,-600, to be paid by W. L. Hodges to R. L. McMurtry, as follows:

"214 acres in Wichita county, and being the same 214 acres that R. L. McMurtry inspected, price $150 per acre, total $32,100.

"Tract No. 2: Being 305 acres in Wichita county, same being across the road north of J. A. Terhune land and the same tract inspected by R. L. McMurtry, price $150, total $45,750.

"Tract No. 3: Being 220 acres located about 10 miles north of Iowa Park, and being the same land inspected by R. L. McMurtry, price $75 per acre, total $16,500. All of three tracts of land are to be clear of all debts or incumbrances; also W. L. Hodges is to pay in cash the amount of $11,250."

Other than as specified in the above quotation, no reference is made in the contract to any writing, circumstance, or fact by means of which the lands mentioned could be identified with reasonable certainty. The statute of frauds has been so frequently construed that it seems unnecessary to discuss it, but in the interest of clearness we will briefly notice it. Our statute (Rev. Statutes, art. 3965), so far as here applicable, reads:

"No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized: * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

In the case of Cusenbary v. Latimer, 28 Tex. Civ. App. 217, 67 S. W. 187, writ of error refused, this court said:

"No rule seems better settled than that, before a court of equity will decree the specific performance of a contract for the sale of land, the written agreement required by the statute must contain the essential terms of a contract, expressed with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties; and that no part of such contract is more essential than that which identifies the subject-matter of the agreement. Jones v. Carver, 59 Tex. 295; Patton v. Rucker, 29 Tex. 402; Mitchell v. Ireland, 54 Tex. 301; Mathews v. Jarrett, 20 W. Va. 415; Hollenbeck v. Prior [5] Dak. [294], 40 N. W. 349; Strange [Strang] v. Railroad Co. (C. C.) 93 F. 72; 2 Devlin Deeds, § 1010. It is true that, if the writing contain a description that can be made certain by an application thereof to the external circumstances and condition of the parties and subject-matter, parol evidence will be received in thus establishing the identity of the matter described. 2 Bing. Real Prop. p. 409 et seq.; Watson v. Baker, 71 Tex. 739, 9 S. W. 867; League v. Scott [25] (Tex. Civ. App.) [318], 61 S. W. 521."

It is clear that the contract under consideration by its own terms, without resort to parol evidence, does not sufficiently identify the lands to meet the requirements of the statute. It does not state that the lands in Smith county are owned by appellant, McMurtry, nor the distance south of Adrian, nor whether the 3,520 acres mentioned was in a single survey or composed of a number of separate surveys, or whether, if more than one, they were contiguous surveys constituting a solid body. Nor is the name given of the patentee or patentees of the surveys, or abstract or certificate numbers, or, if unpatented lands, whether they are school, university, or public unlocated lands. Nor from the face of the instrument can it be determined what lands were "inspected."

On the face of the instrument the same uncertainty in identification exists, for the most part at least, in considering the lands to be conveyed by appellee, so that the only theory upon which a reversal of the judgment could be justified is that the statement in the contract that the lands had been "inspected" by the several parties constitutes a reference to external circumstances which can be shown by parol testimony, and which, when so shown, will establish the identity of the lands in question. But we think the reference so made is not sufficient to bring the case within the exception requiring the contract to contain such a description as to enable the court to identify the lands with reasonable certainty without resort to testimony purely oral. It is apparent that, upon a trial of the issue of what lands were in fact inspected, as stated in the writing, opportunity is afforded for the plaintiff to testify that the lands were situated to the right or to the left of a given point; that they were level and tillable; that they were situated at a given distance south of Adrian, all of which might be denied by the defendant, who in his testimony might indicate altogether different lands that had been inspected, so that there exists an open door to the commission of frauds and perjuries which it was the design of the statutes to prevent.

We have been unable to distinguish this case in principle from that of Penn v. Texas Yellow Pine Lumber Co., 35 Tex. Civ. App. 181, 79 S. W. 842. In that case the memorandum of contract was for the sale of standing timber whereby one of the parties agreed to convey to the other "6,100 acres under consideration in Tyler county." The con-

tract was held to be insufficient under the statute. See, also, Rosen v. Phelps (Tex. Civ. App.) 160 S. W. 105; Gatewood v. Graves (Tex. Civ. App.) 241 S. W. 264; Cusenbary v. Latimer, 28 Tex. Civ. App. 217, 67 S. W. 187.. It is true the plaintiff's petition alleges the exhibition of a plat of the land in question at the time of the inspection, and that an abstract of title was also later presented by the plaintiff which showed the identity of the land, but the contract under consideration makes no reference to these matters, and they cannot be received in aid of the contract, as will be plainly seen from the cases we have cited.

We conclude that the judgment must be affirmed, and it is so ordered.