**HANKS v. HAMMAN et al. (No. 702—4628.)**

(Commission of Appeals of Texas, Section B.
Jan. 12, 1927.)

**1. Frauds, statute of ⊜=>56(5)—Intention of grantor to convey tract other than that described in deed must be gathered from deed, since otherwise statute would be violated.**

Intention of grantor to convey tract other than that described in deed must be derived from terms of deed itself, since intention to convey other tracts than described will not be enforced as mere matter of surmise or conjecture, which would be conveying land by parol intention and violate the statute.

**2. Guardian and ward ⊜=>111—That minor did not own land conveyed by guardian did not authorize court to force him to sell other land owned, where deed showed no such intention.**

That minor did not own land conveyed in deed executed by guardian did not authorize courts to force him to sell some other land which he did own, in absence of such intention shown in deed.

**3. Appeal and error ⊜=>1177(6)—Where defendants in error won case without proving certain issue, case should have been remanded rather than judgment rendered against them on appeal.**

Where defendants in error won case without proving that grantor was sane at time of execution of ratification deed, case should have been remanded for proof on issue of grantor's sanity, instead of rendering final judgment on appeal against defendants in error.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On motion for rehearing. Motion granted, former judgment set aside, and judgments of District Court and Court of Appeals (282 S. W. 935), reversed, and cause remanded to former for new trial.

For former opinion, see 288 S. W. 143.

POWELL, P. J. We have carefully considered the motion for rehearing filed herein by defendants in error. In this case, as shown in our original opinion, defendants in error claim title to this property under either or both of two deeds: (1) From C. H. Cain, guardian of Wyatt Hanks, a minor, dated April 24, 1917; (2) a correction or ratification deed from Wyatt Hanks himself, dated February 8, 1925.

In our original opinion we held that the guardian's deed was void for want of description. It is admitted that the description in the deed did not describe any land actually owned by Hanks. In order, under any theory, to affirm the judgment of the trial court, the Court of Civil Appeals not only admitted and considered extrinsic evidence outside of and beyond the deed itself, but also had to discard what it termed the "false" descrip-

tion in the deed. The guardian's deed conveyed two acres out of the M. G. White League. Its location was further designated, but such description as was included in the deed identified land which did not belong to the minor. It was described in one portion of the deed as property belonging to him, but such statement was not true. There was no statement in the deed to the effect that if the land actually described therein did not in fact belong to the grantor, then it was intended by the grantor to convey some other two acres in the league which did, in fact, belong to him.

[1] The cardinal principle involved in this case is that the intention of the grantor to convey a tract other than that described in the deed must be gathered from the deed itself. Intentions to convey other tracts than described in the deed will not be enforced as a mere matter of surmise or conjecture. The intention must be derived from the expressions from the terms of the deed itself. Otherwise, you would be conveying land by parol intention and violating the statute of frauds of this state.

[2] When people buy land, they are charged with notice of a description in the deed of the very tract conveyed. If a purchaser accepts a deed, through carelessness or otherwise, to land which the grantor does not in fact own, his remedy would be upon the warranty. Such a purchaser clearly would not have the right to substitute some other tract of land which the grantor did own, unless it be under execution to satisfy a judgment under his warranty. What we have just stated is applicable where the deed is between parties capable of contracting in their own proper person. Certainly no harsher rule should be applied to deeds executed by guardians of minors. The mere fact that the minor, Hanks, did not own the land conveyed in the deed would not authorize the courts to force him to sell some other two acres which he did own, unless it could be said from the terms of the very deed itself that such was his intention. There is nothing in this deed showing any such intention. In taking a deed from a minor, through his guardian, a purchaser must be even more careful than if he was taking a title from a person contracting for himself. Ordinarily a guardian's deed does not contain a warranty of title, and the grantee is deprived of this protection.

In our original opinion we said:

"In the case at bar, there was no order of court authorizing the guardian to sell all of the land, in any survey or any county, belonging to Hanks. Nothing in the proceedings for the sale of the land referred to the land to be sold as the tract purchased from Harrison. If the probate orders had stated that the land to be sold was all the land owned in the White league by Hanks, or that it was the tract bought by him from Harrison, extrinsic evidence might

have been admissible in aid of the description of the land actually intended to be sold."

We still adhere to those views. The probate orders connected with this sale did not state anywhere that the land being sold had been purchased by the guardian. So far as said orders went, the land might have been inherited and owned by the minor for that reason. Property so acquired would be sold by a guardian just as would property purchased by the guardian for his ward. There is nothing in the orders to show that it was intended to convey all the land the minor owned in the White league, or any tract purchased for him by his guardian, much less the Harrison tract so purchased. In other words, neither the deed itself, nor the accompanying probate orders in connection with such sale, showed any intention to sell the Harrison tract involved here. No such intention being shown in the records or the deed just mentioned, there is no starting point therein, as is necessary, to which extrinsic evidence might be added for a proper description of the land now being sought by defendants in error.

[3] We are still of the view that we were correct in reversing the judgments of the lower courts. But we have reached the conclusion that we should have remanded the case and not rendered final judgment against defendants in error. In this connection, as already shown, the defendants in error did have a ratification or correction deed from Hanks himself. It correctly described the land involved in this suit. It bore date February 8, 1925. It was shown that Hanks was adjudged insane in a court of competent jurisdiction on October 22, 1921. With reference to this deed, the Court of Civil Appeals said (282 S. W. 937):

"Appellees also pleaded title in themselves by and through a deed executed by appellant February 8, 1925, in ratification of the prior conveyance by his guardian, C. H. Cain. However, they offered no testimony to show that at the time of executing said deed he had recovered his mentality, and so this defense passes out of the case."

In our original opinion, we agreed with the Court of Civil Appeals that this defense passed out of the case. And we still know it did, so far as the former trial was concerned. But, in the motion for rehearing, it is contended that we should remand this case so that defendants in error may yet show that Hanks had recovered his sanity at the time of the execution of the ratification deed. Upon reflection, we agree with this view. Defendants in error won their case, securing a peremptory instruction, upon the sufficiency of the guardian's deed. It was not necessary, therefore, for them to go to the added trouble of proving the sanity of Hanks in 1925. Under these circumstances, we think

it probable that justice would be better subserved by remanding the case in order that this issue may be fully developed. In the case of Associated Oil Co. v. Hart, 277 S. W. 1043, this court, speaking through Judge Speer, said:

"It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction. Buzard v. Bank, 67 Tex. 83, 2 S. W. 59, 60 Am. Rep. 7; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217; Hill v. Moore, 85 Tex. 335, 19 S. W. 162; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Smith v. Patton (Tex. Com. App.) 241 S. W. 109; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002; Camden, etc., Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842, Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Pershing v. Henry (Tex. Com. App.) 255 S. W. 382."

Therefore we recommend that the motion for rehearing be granted; that the judgment entered by the Supreme Court on November 24, 1926 (288 S. W. 143), be set aside and held for naught; that the judgments of the district court and Court of Civil Appeals be reversed and the cause remanded to the former for a new trial upon the issue as to whether or not Hanks was sane on February 8, 1925.

CURETON, C. J. Motion for rehearing granted, previous judgment set aside, and judgments of the district court and Court of Civil Appeals both reversed and cause remanded to the district court, as recommended by the Commission of Appeals.