# JUNE, 1948

### J. N. MATNEY v. ARTHUR G. ODOM.

No. A-1535. Decided April 28, 1948.
Rehearing overruled June 2, 1948.
(210 S. W., 2d Series, 980.)

*James & Tomlin* and *L. L. James,* of Tyler, for petitioner.

The Court of Civil Appeals erred in holding that the owner of the land at the request of the prospective purchaser and before his option to purchase had matured, surveyed, marked off on the ground, and had a plat of the land made, showing its location and the adjoining tracts, and delivered same to petitioner was not sufficient to identify the land in question and to satify the statute of frauds. Miller v. Hodges, 260 S. W. 186; Folmar v. Thomas, 160 S. W. 861; Patton v. Rucker, 29 Texas 402.

*Lasseter, Spruiell, Lowry, Potter & Lasater,* of Tyler, for respondent.

In response to above proposition. Taber v. Pettus Oil & Refining Co., 139 Texas 395, 162 S. W. (2d) 959; Smith v. Sorelle, 126 Texas 353, 87 S. W. (2d) 703; Greer v. Greer, 144 Texas 528, 191 S. W. (2d) 703.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

This is an action for specific performance of an option for the sale of four acres of land contained in a ten-year written lease executed in April, 1939, by Arthur G. Odom, as lessor, and J. N. Matney, as lessee. The court (the trial was without a jury) concluded, among other things, that the description of the land set out in the contract was insufficient to comply with the statute of frauds (Art. 3995, R. C. S.), and rendered judgment accordingly that plaintiff was not entitled to specific performance. The judgment was affirmed by the Texarkana Court of Civil Appeals, Chief Justice Hall dissenting. 207 S. W. (2d) 420.

The lease agreement provided an option on Matney's part to purchase the four acres after three years of occupancy as a tenant. The option clause reads:

"At the expiration of three (3) years from the date of occupancy and the commencement of the payment of rent, tenant (Matney) shall have * * * the right to purchase said four (4) acres of land and improvements thereon, upon payment of the following price: Two thousand ($2,000) dollars for the four acres * * * together with the actual cost. of the improvements, less a 4 per cent annual depreciation on the cost of the improvements and the erection of the buildings. This option to buy commences with the fourth year and continues during the remaining term of this lease."

The four acres is described in the following portion of the lease:

"Landlord * * * does hereby lease, to tenant, four (4) acres out of the East end of a ten-acre block on the P. Chireno Survey about 2 miles East from the courthouse of the city of Tyler, Smith County, Texas, located on the North side of the Kilgore highway, * * * upon the following terms and conditions."

The primary question to be determined in this action is whether the description of the four acres set out in the lease contract meets the requirement of the statute of frauds (Art. 3995 R. C. S.). If the requirement was not met, the court of civil appeals, in the view we take of the case, is correct in approving the trial court's holding that the lessee was not entitled to enforce specific performance of the option provision of the lease. We have concluded upon final consideration of the case that the trial court's judgment was correctly approved.

■ The rule is well established that for a contract to convey land to be sufficient under the statute of frauds (Art. 3995 R. C. S.), "the description must be so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land can be identified with reasonable certainty." Greer v. Greer, 144 Texas 528, 191 S. W. (2d) 848; Smith v. Sorelle, 126 Texas 353, 87 S. W. (2d) 703; Robertson v. Melton, 131 Texas 325, 115 S. W. (2d) 624; Pfeiffer v. Lindsay, 66 Texas 123, 1 S. W. 264; Hanks v. Hamman (Com. App.), 289 S. W. 993; Continental Supply Co. v. Missouri, K. & T. Ry. Co. (Com. App.), 268 S. W. 444; Id. 269 S. W. 1040; Osborne v. Moore, 112 Texas 361, 247 S. W. 498; Starkey v. Texas Farm

Mortg. Co. (wr. ref.), 45 S. W. (2d) 999; Rosen v. Phelps (wr. ref.), 160 S. W. 104; MacLane v. Smith (no wr. of error history), 198 S. W. (2d) 493; 37 C. J. S. Statute of Frauds No. 184; 20 Tex. Jur. pp. 311-12; Thompson, Real Property (1940), Vol. 6, pp. 457-460.

The lease contract describes the land in question as being in a ten-acre block on the north side of the Kilgore highway in the P. Chireno Survey about two miles East of the Smith County courthouse, and designates it as "four (4) acres *out of* the East end" of the block. (Emphasis ours). No other writing or means of identification is referred to in the lease, and it contains nothing indicating the shape of the block or the courses and lengths of its border lines or those of the four acres.

■ To locate the four acres with definiteness it is necessary first to find the location of the piece of land of which it is a part, and then locate it (the four acres) by boundaries, or metes and bounds of some character "out of" the east end. If the shapes respectively of the two pieces of land had been stated and course and distance of boundary lines called, and the four acres had been designated "off of" instead of "out of" the larger piece, a less difficult question would be presented. However, under the established law of this state, the descriptive language used in this lease is vitally lacking in definiteness. Cases cited above. Additional cases are: Kellner v. Ramdohr (no wr. of error history), 207 S. W. 169; Tram Lumber Co. v. Hancock, 70 Texas 312, 7 S. W. 724; White v. Glenn (dism. judg. cor.), 138 S. W. (2d) 914; Stovall v. Finney (no wr. of error history), 152 S. W. (2d) 887; Davis v. Dilbeck (no wr. of error history), 232 S. W. 927; Cammack v. Prather (no wr. of error history), 74 S. W. 354; Thompson, Real Property, supra; Tiffany, Real Property (3rd ed.), pp. 117-18; 117 A. L. R. 1073; 14 Tex. Jur. p. 995; 6 Tex. L. Rev. 242.

In Smith v. Sorelle the Supreme Court held insufficient a description describing the land as "100 acres out of Blocks 8 and 9 of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern," the court saying:

"This court has held that a deed purporting to convey land, which describes it only by quantity and as being part of a larger tract, with nothing whereby to identify *what specific portion of the larger tract is intended to be conveyed,* is void for uncertainty of description." (Emphasis ours.)

In Pfeiffer v. Lindsay a deed was held void by reason of the insufficiency of the following description:

"Fifty acres of the J. M. Moss Survey situated in Montague county, Texas, abstract No. 462, situated near the town of Burlington, in Montague County, Texas."

The foregoing description, it will be observed, contains nothing whereby the fifty acres of a named survey in a named county can be located *unless aid by way of parol proof is first applied.* No one, from reading the description, said the court, "could tell what was the shape of the 50 acres, * * *." Parol evidence was held inadmissible.

As stated in W. T. Carter & Bro. v. Ewers, 133 Texas 616, 131 S. W. (2d) 86, 123 A. L. R. 908, quoting from Hanks v. Hamman, supra:

"The intention must be derived from the expressions from the terms of the deed itself. *Otherwise, you would be conveying land by parol intention and violating the statute of frauds of this state.*" (Emphasis ours.)

In the Continental Supply Company case in which the description was "120 acres out of the W. A. Rhoades survey, abstract No. 858, and survey No. 84, situated in Eastland County, Texas," the court said:

"(T)here must be a nucleus of description of the inclosed tract, around which extrinsic facts may be gathered from oral evidence such as locate the land. There must be something in the description to which oral evidence may be tied. Without such datum *to begin with,* proof of extrinsic facts is inadmissible. In the absence of such general though inaccurate description of the inclosed tract, *to permit oral proof of location would be to pass the title to land by parol in violation of the statute.*"

■ Three letters, written nearly seven years subsequent to the execution of the lease, are relied upon by Dr. Matney as removing the ban of the statute of frauds. The first is Dr. Matney's letter to Odom reiterating his desire and ability to purchase the land and requesting a deed from Odom. The second is the reply letter written by Jack W. Flock, Odom's attorney. The third is the reply to Mr. Flock's letter, written by Dr. Matney's attorney, L. L. James. Matney contends that the letters, together with the written contract, identify the land. A perusal of the letters negative this contention. In any event, the letters and

the parol evidence concerning them are inadmissible to aid the description in the written contract, because there is no reference to such letters in the contract which must be looked to in determining whether the statute of frauds is satisfied. Rosen v. Phelps, supra; McMurtry v. Hodges, 278 S. W. 866 (no wr. of error history).

■ Nor would the fact that Odom owned only one piece of land of a given acreage in the P. Chireno Survey operate, without more, to identify the four acres. There are no words in the lease contract saying directly or indirectly that Odom owns in the survey a piece of land containing the acreage named or any other acreage. The land is merely referred to as "a ten-acre block," which is insufficient to show that Odom owned it. It will not necessarily be inferred that he owned the land simply because he signed the lease contract as lessor. W. T. Carter & Bro. v. Ewers; Osborne v. Moore (Com. App., opinion adopted by Sup. Ct.), 112 Texas 361, 247 S. W. 498; Starkey v. Tex. Farm Mortg. Co., 45 S. W. (2d) 999; Tiffany, Real Property (3rd. ed.) pp. 117-8.

Chief Justice Hall bases his dissent on the proposition that the plat referred to in the majority opinion, considered with the contract of sale, supplied the necessary description. The cases cited in the dissenting opinion, and relied on by Odom in his application for the writ (Spaulding v. Smith (wr. ref.), 169 S. W. 627 and Ellett v. McMahan (no wr. of error history), 187 S. W. (2d) 253, are in no wise in conflict with the law governing this case. The case cited in the dissent involved contracts entered into by correspondence, and the holding in each was that in such cases the whole correspondence must be considered in determining the terms of agreement. The cited cases, and other similar cases on which petitioner relies, are not applicable under the circumstances here present. The present case is not one in which the contract was entered into by correspondence, but it is one in which the parties have executed one written instrument embodying the contract and which must alone be looked to in determining whether the statute of frauds has been satisfied. The reasons why the plat and parol evidence are not admissible are clearly and succinctly expressed in Jones, Cyclopedia of Real Property Law, Vol. 1, p. 329 as follows:

"Since the description, or the key thereto, must be found in the language of the contract, the whole purpose of the statute of frauds would be frustrated if parol proof were admissible to supply a description of land which the parties have omitted

from their writing. So, while a defect in description may be aided by the description shown on a map, in such case the map must be referred to in the contract, and it is not sufficient to show that the parties consulted a map at the time of their negotiations, since this would be an attempt to refer to the map by parol, instead of by a contract recital, a reference which would not meet the requirement of the statute."

Petitioner contends also that the identity of the land was clear in the minds of the parties, hence could be located. In such case resort to oral evidence would be necessary. This, as has been pointed out, is inhibited, as it would be passing title to land by parol "in violation of the statute," and would thus expose the contract "to all the evils which the statute was in tended to remedy." Robertson v. Melton; Continental Supply Co. v. Ry. Co.; Osborne v. Moore, (all supra).

■ Petitioner contends that Odom is estopped from setting up the statute of frauds. In support of this contention he cites Morris v. Ballard, 16 Fed. (2d) 175, and Halsell v. Scurr (dismissed), 297 S. W. 524. The last cited case is one in which no option contract was involved. The holding in the Morris case was predicated on the fact found by the trial court that valuable improvements had been made by the tenant *in reliance on the option*. It is obvious from the findings of the trial court, as pointed out by the court of civil appeals, that the improvements made by Matney were not made in reliance on the option.

It is the law of this state that to remove a case from the operation of the statute of frauds, three things are necessary: Payment of the consideration, possession by the vendee, and the making by the vendee of valuable improvements on the faith of the contract, or, in the absence of such improvements, such other facts as would make the transaction a fraud if it were not enforced. Hooks v. Bridgewater, 111 Texas 122, 229 S. W. 1114; Robertson v. Melton, supra; Ward v. Etier 113 Texas 83, 251 S. W. 1028; Tian v. Tacquard (wr. ref.), 147 S. W. (2d) 1114; Walter Avenue Realty Co. v. Alaskan Fur. Co. (wr. ref), 131 S. W. (2d) 196. The findings of the trial court disclose that none of these things has been done. The trial court also correctly concluded that "there are no facts which would make the transaction a fraud if the option is not enforced." Since this is true, and the lease contract does not identify the four acres in question and contains no reference for description to any memorandum, specific performance was properly denied by the courts below.

The judgment of the Court of Civil Appeals, affirming that of the trial court, is affirmed.

Opinion delivered April 28, 1948.

Simpson, Associate Justice, not sitting.

Rehearing overruled June 2, 1948.