## HARRISON v. TINNEY.

No. 10061.

Court of Civil Appeals of Texas.
Austin.

June 25, 1952.

Rehearing Denied July 30, 1952.

Wm. E. Davenport, San Angelo, for appellant.

Clyde Vinson, San Angelo, for appellee.

ARCHER, Chief Justice.

This suit was instituted by appellee as a trespass to try title suit for certain real property in San Angelo, Texas, alleging that she was the owner thereof and that on February 7, 1951, the appellant entered upon said premises and withholds possession from her. The appellant answered admitting that on January 30, 1951, the appellee was the owner, in fee simple, of the land described in her petition, and that appellee agreed to sell him the land, and in support thereof pleaded a memorandum agreement in writing and sought specific performance of such alleged contract.

Trial was had before the court, beginning on February 12, 1925, and completed on the 29th, at which time judgment was entered in favor of appellee for the title and possession of the lands.

The agreement is as follows:

"To those concerned:

"This is to certify that in consideration of $2,000.00, $60.00 deposit and $1,940.00 cash on delivery of abstract, I promise to sell to Joe C. Harrison one piece of land as follows: All of Number 16 except 50' thereof, and all of tract No. 18, 17 and part of 16 Forrest Park Addition to City of San Angelo. All taxes to be brought up to date and file clear.

"Signed

"Mrs. Bessie Tinney

"Clyde Vinson, Att.

"Accepted by Joe C. Harrison"

This agreement was acknowledged by Mr. Harrison on February 2, 1951 before a Notary Public in Bell County, Texas, and recorded in the Deed Records of Tom Green County, Texas.

The appeal is before this Court on two points:

Point No. 1 is:

"Memorandum Agreement, signed by Appellant and Appellee, was sufficient, by naming the tracts, to identify Appellee's land under the test laid down by the Supreme Court of Texas."

Point No. 2 complains of certain procedural matters but is not briefed and appellant states that he does not think it is controlling.

Appellant says that "the controlling issue in the case is:

" * * * whether or not the Memorandum Agreement signed by Appellant and Appellee on January 30, 1951 was sufficient. Both parties, Appellant and Appellee, testified as to a conference before the signing of the Memorandum Agreement. There is no dispute that a fair and adequate price was to be paid for the land. There is no question of fraud or overreaching. The Appellee, after signing the Agreement and accepting the down payment on the purchase price, merely decided to back out."

The appellee counters with two points to the effect that appellant is precluded from relief in this Court on the express finding of the trial court on the pleadings and the evidence; and that the alleged agreement, the basis for affirmative relief by appellant, violated the Statute of Frauds and appellant was not entitled to the relief prayed for.

■ The agreement does not describe the land therein mentioned with such definiteness and certainty by which the land involved could be identified on the ground with reasonable certainty, and we believe it to be violative of the Statute of Frauds and unenforceable.

The description is merely all of Lot No. 16 except 50 feet thereof, without in any manner locating the 50 feet; the other description was all of tracts Nos. 18, 17 and part of 16, Forrest Park Addition to the City of San Angelo, and the description is therefore insufficient.

■ Since parol evidence is not admissible to vary or contradict the descriptive data of the agreement, there is no means by which the tracts could be located. Parol evidence may be admitted to explain the descriptive words and to identify the land. Art. 3995, subd. 4, Vernon's Ann.Civ.St.; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703; Stovall v. Finney, Tex.Civ.App., 152 S.W.2d 887; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Hereford v. Tilson, 145 Tex. 600, 200 S.W.2d 985; Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980.

The judgment of the trial court is affirmed.