Willie Haynes ALLEN et al., Appellants,

v.

D. L. BYRD, Appellee.

No. 7037.

Court of Civil Appeals of Texas.

Texarkana.

May 13, 1958.

L. F. Burke, Longview, Charles F. Wellborn, Gladewater, for appellants.

Smith & Porter, Longview, for appellee.

FANNING, Justice.

Willie Haynes Allen and husband, Addison Allen, Helen Pierce, a widow, and Marcus Haynes and wife, Mary Haynes, brought suit against D. L. Byrd to cancel a written five-year surface lease (containing three five-year options) executed by Marcus Haynes and wife, dated May 17, 1956, purportedly covering a tract of land in Gregg County, Texas. The grounds urged for the cancellation were briefly in essence as follows: (1) The lease covered homestead property of Marcus Haynes and Mary Haynes and was not acknowledged in the manner required by law; (2) that certain false and fraudulent representations were made by defendant and his agent as to the contents of the lease in question, etc.; and (3) that the lease in question was void for want of a valid description of the land described in the lease. Plaintiffs also had an additional trespass to try title count in which they sued for the tract in question, alleging a more particular description thereof. Trial was to the court without a jury resulting in a judgment for defendant. Findings of fact and conclusions of law were filed by the trial court. Appellants have appealed.

The lease contract in question reads as follows:

"Lease Agreement

"The State of Texas⎱ Know All Men By
County of Gregg ⎰ These Presents:

"That this lease contract and agreement, made and entered into by and between Marcus Haynes, and wife, Mary Haynes, hereinafter called Lessor, and D. L. Byrd, hereinafter called Lessee, Witnesseth:

"That Lessor has this day leased, demised and let unto the said Lessee, a certain lot or parcel of land, described as follows:

"All that certain lot, tract or parcel of land, lying immediately East of a tract of land occupied by the Premier Filling Station lying South of U. S. Highway 80 and West of an oiled road running North and South and being a part of the George A. Thomason Survey, said lot herein being leased fronting on the South side of said Highway No. 80; subject to the following provisions set forth:

"The term of this lease shall be for a period of five (5) years, beginning June 1, 1956, and expiring on June 1, 1961.

"The amount of rental to be paid for this lease shall be $1500.00 payable $25.00 on the first day of each month during the term of this lease in advance, commencing on June 1, 1956.

"Lessor for the same consideration of the sum of $1.00, the receipt of which is hereby acknowledged and confessed, does hereby Bargain, Grant and Convey to Lessee an option to renew this lease for three five-year terms upon the same terms and conditions as set out herein.

"Lessor hereby gives unto Lessee the right to sub-lease these premises, or any part thereof.

"Provided said rentals are paid upon the expiration of this lease, Lessor hereby grants to Lessee the right and privilege of removing all improvements placed on said premises.

"It is mutually agreed that Lessor shall pay all taxes on the ground and Lessee shall pay all taxes on the improvements made on these premises.

"In the event the above rent is not paid when due, then this lease can be and shall be terminated and Lessor shall be entitled without notice or legal procedure to re-enter and take possession of said premises.

"Witness Our Hands In Duplicate this the 17th day of May, 1956.

"Marcus Haynes
"Mary Haynes
                    "Lessors
"D. L. Byrd
            Lessee."

(Here follows statutory acknowledgment of the parties.)

■ The evidence was conflicting on the issues of fraud and as to whether the acknowledgments in question were properly taken. The trial court's fact findings favorable to appellee on such matters are sufficiently supported by the evidence and appellants' points complaining of such findings are respectfully overruled.

■ The controlling question in this case is whether or not the lease in question describes the land therein mentioned with such definiteness and certainty by which the land involved could be identified with reasonable certainty. We hold that it does not and that the lease is violative of the Statute of Frauds and is unenforceable. See the following authorities: Article 3995, subdiv. 4, Vernon's Annotated Civil Statutes; Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980; Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468; Harrison v. Tinney, Tex.Civ.App., 250 S.W.2d 631, wr. ref.; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703.

■ We are of the further view that appellants are also entitled to a judgment for the title and possession of the lot in question which was described with more particularity in their trespass to try title count of their amended petition. While the proof does not with much particularity locate such described tract as would ordinarily be requisite in the usual trespass to try title suit not involving a landlord and a tenant, yet we think under the undisputed facts in this record that appellants would be entitled to the title and possession of the lot sued for, inasmuch as there is no real or genuine dispute as to the ownership of the lot sued for by appellants and actually occupied by appellee. The evidence shows without dispute that appellee Byrd as a tenant leased the lot in question from Marcus Haynes and wife, Mary Haynes, by parol lease from year to year and occupied

it for several years prior to the execution of the written lease in question. Under the written lease in question Byrd also claims as a tenant. While the evidence does not clearly disclose the exact location of the small tract in question, the evidence is undisputed that it is a small portion of a larger tract of land shown by appellants to be owned by them—in fact, appellee Byrd does not dispute this and in this connection we quote from his testimony as follows:

"Q. Mr. Byrd, the land you occupy out here is part of what is known as the Haynes land, is it not, south of the Highway? A. Yes, sir."

Appellee Byrd has made no contention that he owns the lot in question, does not contend that such lot does not belong to appellants—his position being at all times that he had a valid lease on the lot and that the lease did not contravene the statute of frauds. The record also shows that appellants Willie Haynes Allen and Helen Pierce (children of Marcus and Mary Haynes) were conveyed interests in the land in controversy (which were duly recorded) by Marcus Haynes and wife, prior to the written lease in question. It is undisputedly clear from the evidence in this case that the only interest claimed in the lot in controversy by appellee Byrd is as a tenant by virtue of his written lease with his landlords, Marcus Haynes and wife, Mary Haynes. Under the record in his case, appellee Byrd, as a tenant occupying the small tract in question, is clearly estopped to dispute the title of his landlords (and the other appellants who hold under the landlords), as to their ownership of the lot in question. In fact, as we understand the record, Byrd does not dispute appellants' ownership of the lot in question— he merely asserts that he holds under Marcus Haynes and wife, Mary Haynes, as a tenant by what he contends to be a valid written lease—which lease, however, we have held is invalid in that it contravenes the statute of frauds.

In 27 Tex.Jur., Sec. 20, pp. 71 and 72, it is stated:

"One who has acquired possession of land from another by means of a contract of renting will not be permitted to deny, dispute or contest the latter's right of possession or title. The tenant, as the rule is expressed, is estopped to dispute his landlord's title. In a leading case, the Supreme Court observed:

" 'That as a general rule, a tenant cannot dispute his landlord's title, is well established and universally admitted, and neither citation of authority, nor discussion of the principle upon which it rests, is at all necessary; since it has been recognized at law for so great a length of time. It is applied as well in suits for rent as in those for the recovery of possession.' "

In 27 Tex.Jur. Sec. 21, pp. 74 and 75, it is stated:

" * * * It has always been held that in the action of ejectment it is sufficient for a landlord who is suing his tenant to produce his lease, and that estoppel closes the mouth of the defendant to call his title in question. 'Our action of trespass to try title, whilst it abolishes the forms and fictions of ejectment, preserves most of its substantial principles, and this amongst others. Whilst the plaintiff must go back to the government or to a common source in other cases, yet as to one estopped to deny his title, it is enough that he establishes the facts upon which the estoppel is supported.'

"*In an action of trespass to try title, the tenant will not be permitted to show in defense that the landlord had no title to the property.* * * *" (Emphasis added.)

In 41 Tex.Jur., Sec. 45, p. 513, it is stated:

"Where the defendant deraigns title from the plaintiff, the latter is the common source of title. * * *

" 'Notwithstanding a plea of not guilty by a defendant in such a suit, it seems that the plaintiff need not prove title in himself from the sovereignty of the soil, where by a special plea the defendant sets out the title he relies upon, and it appears from the allegations in his plea and from the evidence offered by him in support of it that the title asserted by him emanated from the plaintiff.' "

Since it is undisputed that appellee Byrd's only claim to the lot in dispute is by virtue of his written lease as a tenant, which written lease we have held to be invalid under the statute of frauds, and which lease should be canceled, it follows that appellants should be given judgment for the title and possession of the lot sued for by appellants in their trespass to try title count.

The judgment of the trial court is reversed and judgment is here rendered for appellants canceling the lease in question and for the title and possession of the lot sued for in appellants' trespass to try title count.

Reversed and rendered.