Doyle REAGAN et ux., Appellants,

v.

Emil E. KMIEC, Appellee.

No. 5671.

Court of Civil Appeals of Texas, Waco.

May 12, 1977.

Rehearing Denied June 2, 1977.

526

John B. Faulkner, Waco, for appellants.

Mac Gann, Miller, Gann & Perdue, Houston, Don E. Harris, Harris & Norman, Franklin, for appellee.

## OPINION

JAMES, Justice.

This is a suit for specific performance of an option contract to convey land. After trial by jury, the trial court entered judgment compelling specific performance,

from which Defendant-Appellants appeal, asserting among other things the legal insufficiency of the property description contained in said option contract. We hold that the property description is legally insufficient under the Statute of Frauds, and thereby reverse and render.

Plaintiff-Appellee Emil E. Kmiec brought this suit against Defendant-Appellants Doyle Reagan and wife Frances Reagan for specific performance of an option to purchase 493.5 acres of land located in Robertson County, Texas, which option was contained in a contract of sale of 300 acres of land from the Reagans to Kmiec. The sale of the 300 acres was closed on April 24, 1970, and according to the contract Kmiec had the option to purchase the 493.5 acres by exercising same between January 2, 1971 and April 24, 1971.

On January 27, 1971, Kmiec wrote the Reagans that he wished to exercise the option to purchase the 493.5 acres. On January 30, 1971, the Reagans wrote to Kmiec disavowing the option. Then on March 30, 1971, the Reagans through their attorney wrote to Kmiec's attorney advising him that they wished to proceed with the sale of the land and requested appellee Kmiec to proceed "at the earliest possible date." To this Kmiec made no reply, and on May 13, 1971, the Reagans through their lawyer wrote a letter to Kmiec and again notified him of their willingness to proceed with the sale promptly and requested being advised if Kmiec did not intend to complete the sale. To this last letter Kmiec made no response. Shortly after the letter of May 13, 1971, Mrs. Reagan called Kmiec on the telephone, in which conversation Kmiec in effect stated he had his funds tied up but might go ahead anyway. Thereafter, Kmiec did not reply or otherwise contact the Reagans about closing the sale until January 21, 1974, when he filed the instant lawsuit against them for specific performance.

Trial was had to a jury which found: (1) On or about January 27, 1971, Plaintiff-Appellee Kmiec attempted to exercise the option to purchase the land; (2) The Reagans refused to permit Kmiec to exercise such option; (3) The jury failed to find that Kmiec through his failure to act between January 27, 1971 until January 21, 1974, waived his right to enforce the option in question.

Pursuant to the jury verdict the trial court entered judgment in favor of Plaintiff-Appellee Kmiec decreeing specific performance, ordering the Defendant-Appellants Reagans to convey the 493.5 acres of land to Kmiec at a price of $200.00 per acre in accordance with the provisions and conditions of the contract.

As stated, Defendant-Appellants assert the unenforceability of the contract on the ground that the legal description of the subject property is "so uncertain, incomplete and indefinite" that it violates the Statute of Frauds, Section 26.01, Texas Business and Commerce Code. We sustain this contention and thereby reverse the trial court's judgment and render judgment that Plaintiff-Appellee Kmiec take nothing.

The written agreement between the parties consisted of two written instruments, to wit, the original contract dated January 26, 1970, and an "addendum" instrument dated February 6, 1970.

Without detailing the provisions of the original contract, it provides in effect that the Reagans shall convey to Kmiec and one Brounkowski (who later assigned his interest to Kmiec) 300 acres of land for $235.00 per acre, said 300 acres being described as follows:

"Being situated in Robertson County, Texas, and estimated to contain approximately 300 acres of land, more or less, situated in the Marquez 11 Leagues, Abst. No. 25, of said County and State, said premises being further described as all of the Doyle D. Reagan land situated and located within Sections Number 23 and 32 of said Marquez 11 Leagues, said premises being located north of a graveled County Road which intersects with State Highway Number Seven (7)."

Now, in addition thereto, the original contract provided that Buyers Kmiec and

Brounkowski had the option to purchase an additional 493.5 acres of land under conditions set out therein, said 493.5 acres being described in said original contract as follows:

"It is understood and agreed that Sellers also own other lands in said Marquez 11 Leagues Grant in Robertson County, Texas, the same lying south of and across said gravel County Road from the premises above described, said premises being described as containing 493.5 acres of land, more or less, being 150 acres of land, more or less, lying in the southeast corner of Section Number 31 of said 11 Leagues; 168.25 acres of land, more or less, and 168.-25 acres of land, more or less, situated in the northeast and southeast corners of Section Number 42 of said 11 Leagues; and a tract of approximately seven (7) acres lying adjacent to said County Road between Steel's Creek and the west boundary line of Section Number 32 of said 11 Leagues."

■ The written addendum instrument executed by the parties bearing date of February 6, 1970, listed four encumbrances "on the aforesaid property," one being a Mineral Deed recorded in volume 106, page 214, Deed Records of Robertson County, Texas; another Mineral Deed recorded in volume 106, page 216, Deed Records of Robertson County, Texas; an Easement and Right of Way recorded in volume 193, page 184, Deed Records of Robertson County, Texas; and an Oil, Gas, and Mineral Lease recorded in volume 217, page 639 of the Oil Lease Records of Robertson County, Texas. Appellee contends that this description in the addendum is an aid to the property description in the option contract. We do not agree.

The four instruments shown in the addendum as encumbrances on the subject land were described therein by listing the names of the parties, the respective dates, and the volume and page references in the County Deed Records of each such instrument. In other words, there are no field notes or metes and bounds descriptions contained in the addendum, and none of the four instruments referred to therein are in the record before us. Therefore, the addendum is of no help in furnishing a legally sufficient property description of the 493.5 acres. See *Morrow v. Shotwell* (Tex.1972), 477 S.W.2d 538 at page 541.

As stated above the sale of the 300 acres was completed from the Reagans to Kmiec as contemplated by the contract, and no problem is presented from this aspect of the contract. It is the sufficiency of the property description of the 493.5 acres which is the subject matter of the option contract that is before us.

■ The rule by which to test the sufficiency of the property description is well settled and has been stated by our Supreme Court as follows: To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *U.S. Enterprises, Inc. v. Dauley,* (Tex.1976), 535 S.W.2d 623, 627; *Williams v. Ellison* (Tex.1973), 493 S.W.2d 734, 736; *Wilson v. Fisher* (1945), 144 Tex. 53, 188 S.W.2d 150.

The quoted description of the 493.5 acres does not refer to any other existing writing; therefore our problem is to analyze the description in the contract to see if it furnishes, *within itself,* the means or data by which the property may be identified with reasonable certainty.

We know from the above-quoted description in the contract that the 493.5 acres is south of and across the gravel County Road from the 300 acres, that it is owned by the Reagans, and consists of "150 acres, more or less, lying in the southeast corner of Section 31" of the Marquez Leagues Grant in Robertson County, a 168.25 acres more or less out of the northeast corner of Section 42 of said Grant, and another 168.25 acres more or less out of the southeast corner of Section 42, and a "tract of approximately seven (7) acres lying adjacent to said County Road between Steel's Creek and the west boundary line of Section 32" of said Grant.

Let us examine first the description of the seven acre tract. First it is "adjacent"

to the County Road. This does not fix any location with reference to the County Road. "Adjacent" is defined as "lying near, close, or contiguous; neighboring; bordering on; as a field adjacent to the highway." The word "adjacent" is further explained: "objects are adjacent when they lie *close* to each other, *but not necessarily in actual contact.*" Webster's New International Dictionary, Second Addition. The description further recites that the seven acre tract is between Steel's Creek and the west boundary line of Section 32. Here we have no beginning point, no courses or distances by which to fix the location of said tract. Indeed, Plaintiff-Appellee introduced into evidence a title commitment over Appellant's objection which recited that the seven acre tract could not be located. In this connection, our Supreme Court in *U.S. Enterprises, Inc. v. Dauley* (Tex.1976), 535 S.W.2d 623 had this to say at page 628: "Descriptions without boundary lines, beginning points, or other means by which the acreage can be located have often been held to be insufficient to meet the Statute of Frauds. (cases cited)." The description of the seven acre tract is legally insufficient, and we so hold.

We know from the description in the option contract that the 150 acres lies in the southeast corner of Section 31, but we have no clue as to the size, shape, measurements or location of said tract. It is physically possible insofar as the description shows, that there could be two or more 150 acre tracts owned by the Reagans lying in the southeast corner of Section 31, so long as each such tract cornered at the southeast corner of Section 31. The same problem of description exists insofar as the 168.25 acre tract situated in the northeast corner of Section 42, and the other 168.25 acre tract situated in the southeast corner of Section 42. For each of these three tracts we have a beginning point, but we have no metes and bounds description for any of said tracts, nor do we have any means or data in the description to ascertain the courses and distances which would fix the boundaries of said tracts.

No existing writing, map, plat or other means of identification are referred to in the option agreement. Appellee called an abstract company employee as a witness in an attempt to enlarge the description and introduced into evidence a plat over Appellants' objection. Since the plat is not in any way referred to in the option contract, the deficiency of the description could not be supplied or aided by the plat. *Matney v. Odom* (1948), 147 Tex. 26, 210 S.W.2d 980.

The same rationale applies to the title commitment hereinabove referred to, introduced into evidence by the Appellee over Appellants' objection, which contained a metes and bounds description of the 150 acre tract and the two 168.25 acre tracts. The title commitment was not an "existing writing" at the time the option contract was executed, and is not referred to in any way in the option contract. The use of the plat and title commitment to aid the description is an attempt to locate the land by extrinsic evidence, and was prohibited in *Matney v. Odom, supra.* Also see *U.S. Enterprises v. Dauley, supra,* in this regard.

In summary, neither the option contract nor any evidence presented at the trial supply the means or data by which the land may be located with reasonable certainty without resort to extrinsic evidence prohibited by the Statute of Frauds.

As we understand it, Appellee contends that since the Reagans and Kmiec all understood and knew which land they were talking about in the option contract, that this should cause the description to be sufficient, and the contract was thereby removed from the bar of the Statute of Frauds. We do not agree. The fact that the identity of the land was clear in the minds of the parties requires resort to extrinsic evidence which is prohibited by the statute. The intention must be derived from the terms of the instrument itself. *Matney v. Odom, supra; Rowson v. Rowson* (1955), 154 Tex. 216, 275 S.W.2d 468; *Shelton v. Allen* (Waco CA 1966), 407 S.W.2d 832, NRE.

For all the foregoing reasons, we hold the property description set out in the option contract and the addendum to be legally insufficient to meet the Statute of Frauds, and thereby reverse the trial court's judgment and render judgment that the Plaintiff-Appellee Kmiec take nothing.

REVERSED and RENDERED.