**Billy SIMER, Appellant,**

**v.**

**Joe DEUPREE and Janie Eller, Independent Executors of the Estate of D. B. Deupree, a/k/a Bryan Deupree, Appellees.**

No. 8955.

Court of Civil Appeals of Texas, Texarkana.

April 28, 1981.

Rehearing Denied May 26, 1981.

Stephen F. Hefner, Stephen F. Hefner & Associates, Sherman, for appellant.

James S. Moss, Cole & Moss, Bonham, for appellees.

BLEIL, Justice.

This is an appeal from a summary judgment granted in favor of Bryan Deupree. Deupree, as seller, and appellant, Billy Simer, as buyer, entered into a written contract

for the sale of real property. Suit was filed by Simer for specific performance of the contract. Deupree filed a motion for summary judgment on the basis that the property was not sufficiently described for the contract to be enforceable. We affirm the trial court's action granting summary judgment.

The main issue on appeal is whether the property description is adequate to give rise to an enforceable contract.

On July 24, 1980, the parties to this appeal executed a written contract for the sale of land. The document which the parties signed was a form contract prepared by the Texas Real Estate Commission. One or both of the parties filled in certain blanks before they signed the document. The provisions of that agreement germane to this appeal are that buyer was to buy from seller,

"1.   . . . the following property situated in Ravenna—Fannin County, Texas, known as J D Cravens . . .

"2.   PROPERTY:   Lot _____, Block _____, _____ Addition, City of Ravenna, or as described on attached exhibit, . . .".

No exhibit or other description was attached to the contract. The only other provision in the agreement that dealt with the description was No. 11 entitled "SPECIAL PROVISIONS:"; it provides precisely:

"2 acres + W House + other Tract 6 acres according to Survey to be conducted at Buyers Expense

"1 Lot w/House + 1 Lot North that we understand that is not included in Sales— [sic]"

Thereafter in October of 1980, Simer filed this lawsuit to specifically enforce the agreement. Deupree answered that the contract was not enforceable because the property sought to be conveyed was not sufficiently described, that at the time of the execution of the writing, due to age and physical condition, he lacked sufficient mental capacity to enter into the agreement. Deupree then filed the motion for summary judgment which was granted by the trial court. Since the filing of this appeal Bryan

Deupree died and Joe Deupree and Janie Eller, independent executors of his estate, have been substituted as appellees herein.

A summary judgment is properly granted only when the record establishes the absence of any genuine issue of fact and the right of movant to judgment as a matter of law. Tex.R.Civ.P. 166–A(c); *Farley v. Prudential Insurance Company*, 480 S.W.2d 176 (Tex.1972). This summary judgment was granted on the basis that the property description was inadequate for the contract to be enforceable.

Section 26.01 of the Texas Business and Commerce Code Annotated, entitled "Statute of Frauds", provides that, to be enforceable a contract for the sale of real estate must be in writing. In instances where the land sought to be conveyed is inadequately described, our courts hold these contracts to be unenforceable. *Matney v. Odom*, 147 Tex. 26, 210 S.W.2d 980 (1948); *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945). The rule to be applied in determining the sufficiency of a description of land in an action for specific performance is specifically set out in *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972). This rule is that,

". . . To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. . . ."

The trial court properly concluded that the property sought to be conveyed in this agreement is not sufficiently described to allow the court to order specific performance.

Appellant asserts that the description is sufficient because by stating that it is the J.D. Cravens property and is located in the town of Ravenna it can be made certain by reference to the plat of Ravenna and by proof that there is only one Cravens property. Standing alone the description is inadequate as a matter of law as pointed out by Deupree's motion for summary judgment. In order to avoid summary judgment, ap-

pellant must have submitted summary judgment proof of the facts relied upon to make the description certain and bring it out of the operation of the statute of frauds. He did submit affidavits identifying the property as the Cravens Place, but the affidavits do not cover all of the facts necessary to bring the description out of the statute's prohibition.

 On appeal Simer also urges that, if we find the property description inadequate, the case be remanded so that he be allowed to seek reformation of this contract. In this case appellant did not seek reformation in the trial court and for that reason cannot rely on this point for reversal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). In any event this is not an instance when the parties by mutual mistake failed to properly state the agreement in writing. Reformation is not appropriate in this case for that reason. *National Resort Communities, Inc. v. Cain,* 526 S.W.2d 510 (Tex.1975).

The judgment is affirmed.