

NUMBER 13-10-00459-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HERLINDA LUMBRERAS,                                                        Appellant,

v.

PASCUAL ROCHA JR.,                                                        Appellee.

## On appeal from the 103rd District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Perkes**
**Memorandum Opinion by Justice Benavides**

Appellee Pascual Rocha Jr. sued appellant Herlinda Lumbreras for breach of a contract for the sale of land. The trial court granted Rocha's motion for summary judgment and awarded fee simple title to Rocha. Lumbreras appealed on two issues, and Rocha cross-appealed. We reverse and render in part and remand in part.

## I.    BACKGROUND

On March 4, 2002, Lumbreras agreed to sell Rocha a two-acre portion of a larger tract of land that she owned in Cameron County, Texas for $12,000.00.    The two parties memorialized their agreement by a signed, acknowledged, and notarized handwritten note, which stated, in relevant part:

> I, Herlinda C. Lumbreras, am selling Pascual Rocha Jr.—the property of 2 acres out of 6.79 acres of land out of Block I, Section Two, Harris-Gentry Subdivision (Cameron County Map Records, Volume 8, page 14), Share 28, Espiritu Santo Grant, Cameron County, Texas and said 6./9 Acre Tract. [sic]
>
> He is paying $5,000 down payment with $200.00 or more a month, to be payed [sic] in a year.—$7,000 owes. [sic]

Under the terms of the agreement, Rocha paid Lumbreras monthly installments until January 2003, when Lumbreras refused to accept any more payments from him. In response, Rocha attempted to pay the outstanding balance, but Lumbreras refused to accept it.    Rocha filed suit for breach of contract and deposited the remaining balance into the registry of the court, pending the outcome of the litigation.

On remand from this Court,[1] the trial court granted Lumbreras's motion for summary judgment, but subsequently ordered a new trial because Rocha did not receive timely notice of the motion prior to the hearing.    During the new trial, each party filed separate motions for summary judgment.    Lumbreras's motion was denied, and Rocha's was granted.    In its judgment, the trial court ordered that fee simple title be transferred to Rocha and that Lumbreras be paid the balance held in the court's registry. Lumbreras filed a motion for new trial, which was denied.

---

[1] *See Lumbreras v. Rocha*, No. 13-06-429-CV, 2008 WL 4096415 at *3 (Tex. App.—Corpus Christi Aug. 29, 2008, no pet.) (mem. op.).

Lumbreras appeals on two issues[2]: (1) that the trial court erred in granting Rocha's traditional motion for summary judgment and awarding him fee simple title to the real property because Rocha did not establish as a matter of law that a valid and enforceable contract existed; and (2) that the trial court erred in denying Lumbreras's no-evidence motion for summary judgment because she established conclusively that the alleged contract was void and unenforceable. Rocha cross-appeals that the trial court erred in denying his request for attorneys' fees, as required by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008).

## II. STANDARD OF REVIEW

We review a trial court's granting of a summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In our review, we "take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* When both sides move for summary judgment, and the trial court grants one and denies the other, we review both sides' evidence and determine all questions presented. *See FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). The reviewing court must then render the judgment that the trial court should have rendered. *See id.* "When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *Id.*

## III. DISCUSSION

---

[2] Lumbreras initially presented four issues on appeal, but Rocha concedes in his brief that he does not dispute issues two and three. Rocha agrees that the trial court's summary judgment order was decided on the breach of contract issue and not on any other cause of action. Accordingly, we will only examine Lumbreras's remaining two issues. TEX. R. APP. P. 47.1

## A. Breach of Contract

In both issues, Lumbreras argues that the trial court erred in granting Rocha's motion for summary judgment, ordering specific performance, and denying her no-evidence motion for summary judgment because Rocha failed to establish the existence of a valid and enforceable contract for the sale of land.

To prevail on a breach of contract action, a party must first prove the existence of a valid and enforceable contract. *See Villarreal v. Art Inst. of Houston, Inc.*, 20 S.W.3d 792, 798 (Tex. App.—Corpus Christi 2000, no pet.) (including the remaining elements of: proof of performance; proof of non-performance; and damages as a result of the breach). A valid contract is established when there is (1) an offer; (2) acceptance; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *See id.* To be enforceable under the statute of frauds, a contract for the sale of real property must be signed and in writing. *See* TEX. BUS. & COM. CODE ANN. § 26.01 (West 2009).

Here, Lumbreras offered to sell Rocha two acres of land from her existing 6.79-acre tract on March 4, 2002. Rocha accepted and made monthly payments on the land, pursuant to the agreement. Both parties had a meeting of the minds, consented to the terms of the agreement, and intended that the agreement be mutual and binding, as evidenced by their acknowledgment in writing and actions of payment and receipt. These monthly payments were accepted until January 2003, when Lumbreras repudiated the agreement.

Lumbreras asserts, however, that the agreement is nonetheless unenforceable because it does not provide a sufficient description to identify the property as required by

4

the statute of frauds. We agree. The long-standing rule in Texas to determine whether a description of land is sufficient under the statute of frauds is that "the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty." *See Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972); *Smith v. Sorelle*, 126 Tex. 353, 358–59, 87 S.W.2d 703, 705 (1935); *Siegert v. Seneca Resources Corp.*, 28 S.W.3d 680 (Tex. App.—Corpus Christi 2000, no pet.). Numerous courts have held that "a contract providing for the sale or lease of an unidentified portion of a larger, identifiable tract is not sufficient" under the statute of frauds. *See Tex. Builders v. Keller*, 928 S.W.2d 479, 482 (Tex. 1996); *Morrow*, 477 S.W.2d at 539–40 (Tex. 1972); *Matney v. Odom*, 147 Tex. 26, 28, 210 S.W.2d 980, 982 (1946).

Here, the contract provides for the sale of "2 acres out of 6.79 acres of land out of Block I, Section Two, Harris-Gentry Subdivision (Cameron County Map Records, Volume 8, page 14), Share 28, Espiritu Santo Grant, Cameron County, Texas." By itself, this description is insufficient because it only describes a quantity of land with nothing more to identify what specific portion of the larger tract is intended to be sold. *See Matney*, 210 S.W.2d at 982–83. The intent of the parties must be derived from the contractual terms; otherwise, the land would be sold by parol intentions and violate the statute of frauds. *Id.*

Rocha argues, however, that parol evidence may be admitted to help explain the descriptive words and identify the land. While it is true that a contract for the sale of land may be aided by parol evidence, the essential elements of the agreement may never be supplied by parol evidence. *See Wilson v. Fisher*, 144 Tex. 53, 57, 188

5

S.W.2d 150, 152 (1945); *Wyatt v. McGregor*, 855 S.W.2d 5, 9 (Tex. App.—Corpus Christi 1993, writ denied). Further, "in so far as the description of the property is concerned the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." *Wilson*, 144 S.W.2d at 152. Here, Rocha points to the written contract's reference to the block, section and subdivision, and volume and page number from the Cameron County land records, which also contains a detailed metes and bounds description of the entire 6.79-acre property. The description in the written contract, however, lists an unidentified "2 acres out of 6.79 acres of land" without any further attempt to define it. Neither party challenges that the two acres listed in the agreement is part of the larger 6.79 acres located at Block I, Section Two, Harris-Gentry Subdivision in Cameron County, Texas. But this undefined quantity is merely part of the larger tract and does not identify the specific portion to be conveyed. It is therefore void under the statute of frauds. *See Smith*, 87 S.W. at 705.

Rocha also points to the ease that surveyor, Manuel J. Montemayor, had in locating and identifying the 1.92 acres[3] at issue by examining the contract, deed, and real property records. The Texas Supreme Court held in *Morrow*, however, that while the record may indicate that the parties knew and understood what property was intended to be conveyed and a surveyor was able to the locate the property by using abstract records and directions given by an attorney, "that knowledge and intent of the parties will not give validity to the contract and neither will a plat made from extrinsic evidence" where the terms of the contract do not specifically identify the land intended to

---

[3] Montemayor's certified survey, included in the record, measured the purported portion of land at 1.92 acres, rather than the full two acres agreed to by the parties.

be conveyed.  *Morrow*, 477 S.W.2d at 540.

Because the contract for the sale of land in this case is unenforceable under the statute of frauds, the trial court erred in granting Rocha's motion for summary judgment and in denying Lumbreras's motion for summary judgment.  *See* TEX. BUS. & COM. CODE ANN. § 26.01 (West 2009); *Tex. Builders*, 928 S.W.2d at 482.  Accordingly, we sustain Lumbreras's two issues.

### B.  Attorney's Fees

It is unnecessary to address Rocha's issue on cross-appeal that the trial court erred in denying attorneys' fees under section 38.001(8) of the Texas Civil Practices and Remedies Code because the contract at issue is unenforceable as a matter of law.  *See* TEX. R. APP. P. 47.1.

### IV.  CONCLUSION

We reverse and render in part and remand in part.  Based on our conclusion that the trial court erred by granting Rocha's motion for summary judgment and denying Lumbreras's, we reverse the trial court's judgment and render judgment in favor of Lumbreras with regard to ownership of the tract of land.  We remand to the trial court for a determination of the amount of the refund due to Rocha, after offsets and attorney's fees, if any, plus interest.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
5th day of January, 2012.

7